[Sac. No. 189. In Bank.—June 1, 1898.]

F. HINES, Respondent, v. F. G. WARD et al., Defendants.   L.
E. RICHTER, Appellant.

121   115|
125   274|
121   115
130   515|
121   115|
146   654|

MORTGAGE — CANCELLATION — DEED FROM MORTGAGOR—MERGER—JUDGMENT
LIEN—EQUITY.—Where an insolvent mortgagor deeded the premises to
the mortgagee in satisfaction of the mortgage, which was canceled
by the mortgagee in ignorance of the fact that a judgment had been
rendered and docketed against the mortgagor, and in reliance upon
the representation of the mortgagor that there was no other lien
upon the property, equity will interpose to prevent a merger of the
discharged mortgage in the legal title, and the preferring of the
lien of the subsequent judgment thereto; and the mortgage, though
discharged, will still be upheld and enforced in equity in the inter-
est of the mortgagee for the purpose of security against the inter-
vening lien.

ID.—PRESUMPTION AGAINST MERGER—INTENTION OF MORTGAGEE.—It is pre-
sumed, as matter of law, that the mortgagee must have intended
to keep his mortgage title on foot as a protection against any inter-
vening lien or title, notwithstanding the discharge of the mortgage
in ignorance thereof or through inadvertence, and notwithstanding
the real intention of the mortgagee to extinguish the mortgage and
the notes secured thereby.

ID.—ACTION TO RESTRAIN SALE—PARTIES—AMENDMENT—ENFORCEMENT OF
MORTGAGE—ELECTION OF REMEDY.—The rule is that a party having a
right of election between inconsistent remedies cannot pursue both,
and, after having elected to pursue one, is debarred and estopped
from pursuing another inconsistent remedy, does not apply where
an action was brought in equity by the holder of a discharged
mortgage, to whom the mortgagor had conveyed the legal title, to
restrain a sale under an intervening judgment lien and for general
relief, and an amendment was allowed to bring in the mortgagor as
a party, and to seek a reinstatement, and enforcement of the mort-
gage lien as against the judgment lien. The only obstacle under the
original complaint to the relief awarded under the amended com-
plaint was the failure to make the mortgagor a party defendant,
and that defect was susceptible of being cured by amendment,
which it was in the discretion of the court to allow, and thereupon
the original complaint was superseded for all purposes.

ID.—ORDER DISSOLVING INJUNCTION—BILL OF EXCEPTIONS.—The fact that
subsequent to the amendment of the complaint the plaintiff pre-
sented a bill of exceptions to the order dissolving the injunction
issued upon the original complaint, for the purpose of an appeal
therefrom, does not imply an election or intention to abide by the
attitude assumed in the original complaint; but such intention is
negatived by amending the complaint and proceeding to judgment
thereon.

ID.—AMENDMENT OF COMPLAINT—CHANGE IN CHARACTER OF RELIEF.—Though the amendment of the complaint worked a change in some respects in the character and extent of the relief which could be awarded thereunder, it was not in any just sense a discontinuance or abandonment of the action as originally brought.

ID.—ELECTION—EQUITABLE ESTOPPEL—LOSS OF ADVANTAGE—FINDINGS.—The doctrine of election, as applied to a choice of inconsistent remedies, is an extension of the general principles of equitable estoppel, and proceeds upon the like theory, that the inconsistent attitude will put his adversary to some disadvantage; and where there was no loss of advantage which the party having the judgment lien had a right to claim, he having still the right to enforce his lien upon the equity of redemption, subject to the previous mortgage, he is not injured by the failure of the court to find upon a plea of estoppel, upon rendition of judgment reinstating and enforcing the previous mortgage.

APPEAL from a judgment of the Superior Court of Lassen County. W. T. Masten, Judge.

The facts are stated in the opinion of the court.

Shinn & Shinn, for Appellant.

Goodwin & Goodwin, for Respondent.

VAN FLEET, J.—Plaintiff held a mortgage, given and recorded in June, 1890, on land of defendant Tunison to secure the latter's note, on which there was due in May, 1894, the sum of fifteen hundred dollars. Being insolvent and unable to pay the note, and desiring to avoid the expense of foreclosure and sale, Tunison requested plaintiff to take a deed of the mortgaged premises in satisfaction of the debt, representing to plaintiff and assuring him that there was no other encumbrance or lien upon the land. Plaintiff, believing and relying upon Tunison's representations, consented, without an examination of the record, to accept such deed, and thereupon on May 19, 1894, Tunison and wife made and executed to plaintiff a deed of the premises, which the latter took, and in consideration thereof surrendered and canceled the note and satisfied the mortgage and placed his deed of record.

In fact, the defendant Richter had in March, 1894, without plaintiff's knowledge, but with the knowledge of Tunison, re-

covered a judgment against the latter in the superior court of
the county, which judgment appeared of record as having been
entered and docketed on the 27th of that month; and in August,
1894, Richter caused an execution based upon said judgment to
be levied upon the land by the defendant Ward, as sheriff of the
county, who advertised the land for sale thereunder.

The existence of this judgment and the proceedings taken
thereunder being thus brought to the knowledge of the plaintiff,
he commenced this action. In the complaint as originally filed
Richter and Ward, the sheriff, were alone made parties defend-
ant, the complaint alleging the facts as above stated, and also
setting out the facts as to the manner in which Richter's judg-
ment had been procured and docketed and praying for a perpet-
ual injunction restraining the sale and for general equitable
relief. Upon the complaint as thus framed a temporary injunc-
tion restraining the sale was granted; but subsequently the court
below sustained a demurrer to the complaint and dissolved the
injunction, but with leave to plaintiff to amend.

Plaintiff thereupon filed an amended complaint, adding and
bringing in Tunison as a party defendant, and, alleging other-
wise substantially the same facts stated in his original com-
plaint, asked that the satisfaction of said mortgage be canceled
and set aside, that plaintiff be restored to his rights thereunder,
and that the mortgage be foreclosed and the land sold in satis-
faction of the indebtedness. The complaint also alleged that
the land, at the time of its conveyance to plaintiff, was of no
greater value than the amount due on the note, and that plain-
tiff was ready and willing to reconvey the land to Tunison.

Tunison was duly served, but failed to appear, and his default
was entered. Defendant Richter answered the amended com-
plaint, pleading the filing of said original complaint and the re-
lief asked thereunder, and the fact that plaintiff had preserved
a bill of exceptions to the order dissolving the injunction, as
showing an election by plaintiff to stand upon his legal title
acquired under said deed, and as operating an estoppel against
plaintiff to have the relief sought in his amended complaint.
Upon the trial, the court found the facts substantially as alleged
in the amended complaint, and without finding or passing ex-

pressly upon the question of an estoppel, awarded plaintiff the relief sought. From this judgment defendant Richter appeals.

The contention of appellant is that the conveyance from Tunison had the effect to merge plaintiff's rights under the mortgage in the legal title carried by the deed, and relieve the land of the mortgage lien, thereby leaving it subject to the lien of appellant's judgment and liable to sale in satisfaction thereof.

It is well established that equity will interpose to prevent a merger where from the circumstances it is apparent that it was not the intention of the grantee that a merger should take place; and where it appears to be for the interest of the grantee that there should be no merger of the lesser estate, such will be presumed to have been his intention. The rule is thus expressed by Mr. Jones: "There is generally an advantage to the mortgagee in preserving his mortgage title; and, when there is, no merger takes place. It is a general rule, therefore, that the mortgagee's acquisition of the equity of redemption does not merge his legal estate as mortgagee so as to prevent his setting up his mortgage to defeat an intermediate title, such as a second mortgage or a subsequent lien, unless such appears to have been the intention of the parties and justice requires it; and such intention will not be presumed where the mortgagee's interest requires that the mortgage should remain in force. The intention is a question of fact." (Jones on Mortgages, sec. 870.) And further: "Even where the parties have undertaken to discharge the mortgage upon the uniting of the estates of the mortgagor and the mortgagee in the latter, it will still be upheld as a source of title whenever it is for his interest by reason of some intervening title or other cause that it should not be regarded as merged. It is presumed as matter of law that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title or for other purposes of security; and this presumption applies, although the parties through ignorance of such intervening title, or through inadvertence, have actually discharged the mortgage and canceled the notes, and really intended to extinguish them. The circumstances of the case must, however, be such that no injustice will be done to anyone else, as where the mortgagee has taken a con-

veyance of the property in satisfaction of the debt and though he has discharged his mortgage, he has done nothing else to preclude the supposition that he intended to take the property in satisfaction of the debt. It may, therefore, be deduced from the authorities, as a general rule, that when the mortgagee acquires the equity of redemption in whatever way and whatever he does with his mortgage, he will be regarded as holding the legal and equitable title separately, if his interest requires this severance. The law presumes the intention to be in accordance with his real interest, whatever he may at the time have seemed to intend." (Jones on Mortgages, sec. 873.)

These principles are not questioned by appellant, but he contends that plaintiff—having a right either to stand upon his legal title, or repudiate it and have recourse to his mortgage— by bringing his action to enjoin the sale of the land, with knowledge of appellant's judgment, apparently upon the theory that he held the absolute title free from the lien of that judgment, plainly manifested the intention to assert a merger, and made an unequivocal election to stand upon such legal title, which effectually estopped and precluded him as against appellant from thereafter resorting to his mortgage and proceeding upon the theory that no merger had in fact been intended; and it is claimed that the court below erred in not finding upon said plea of estoppel, and that the judgment must for that reason be reversed.

But we do not regard the facts relied on as constituting an estoppel against plaintiff. Certainly, the mere fact that plaintiff, in his original complaint, proceeded upon a somewhat erroneous theory as to the relief which he was entitled to have under the facts alleged, cannot in reason be held to constitute such conclusive evidence of an election as to preclude him from thereafter and in the same action so amending his complaint as to entitle him to the relief which the facts otherwise warranted. The only obstacle under the original complaint to the relief which he was eventually awarded was the failure to make Tunison, the mortgagor, a party defendant. But for that defect plaintiff could have had under his prayer for general relief all that the judgment now gives him. This defect was susceptible of being

cured by the amendment, which it was clearly within the discretion of the court to allow, and thereupon the original complaint was superseded in the action for all purposes. Nor do we see anything in aid of appellant's contention, in the fact that subsequent to the amendment plaintiff saw fit to preserve a bill of exceptions to the order dissolving the injunction, and thereafter, as incidentally appears, took an appeal from that order. This mere tentative effort to preserve his right to have that order reviewed did not necessarily imply an election or intention to eventually abide by the attitude assumed in the original complaint. Such intention was in fact negatived by amending his complaint and proceeding to judgment thereunder. Moreover, it does not appear that plaintiff ever took any further steps toward the prosecution of said appeal.

It is true that a party having inconsistent remedies may not pursue both, but must choose between them; and, having clearly elected to proceed upon one, will be debarred from invoking the other. But what amounts to such election is not always clear. The general rule undoubtedly is, that the remedy first sought must be pursued to judgment (Herman on Estoppel, sec. 1057), and the cases relied on by appellant mostly present instances of that character. Some of them go to the extent of holding that, where a party has brought his action in pursuit of one remedy, he cannot, by dismissing it before judgment, be permitted to pursue another and different remedy, but that the commencement of the first is a conclusive election by which he is bound. Whether this extension of the doctrine is one sustained by the reason of the rule, and so to be commended, need not be determined, since the facts do not bring this case within it. While the amendment of the complaint worked a change in some respects in the character and extent of the relief which could be awarded thereunder, it was not, as appellant in effect contends, in any just sense a discontinuance or abandonment of the action as originally brought. The doctrine of election, as applied to a choice of remedies, which precludes a party from claiming repugnant rights, is but an extension of the general principles of equitable estoppel, and proceeds upon a like theory, that the inconsistent attitude of the party will put his adversary

to some disadvantage. Here appellant has lost no advantage which he had a right to claim. He may still look to the equity of redemption in satisfaction of any lien he may have by virtue of his judgment.

It follows that appellant was not injured by the failure of the court below to find upon his plea of estoppel; and this conclusion renders it unnecessary to pass upon the other questions argued.

The judgment is affirmed.

Harrison, J., Garoutte, J., McFarland, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.