[L. A. No. 3563. Department One.—February 8, 1916.]

ISABELLA McGIBBON, Respondent, v. FRED SCHMIDT, Appellant.

SPECIFIC PERFORMANCE—PLEADING—CONTRACT PLEADED ACCORDING TO LEGAL EFFECT—CONTRACT EXECUTED BY AGENT—PROOF OF EXECUTION.—Where a pleading alleges a contract according to its legal effect (which may be done under our system), the contract, if it is executed by an agent duly empowered, may be pleaded as if it were the contract of the principal without mentioning the agency, and in such case the execution, if denied, may be sustained by proof of signing and delivery by the agent supported by proof of his authority.

ID.—PLEADING CONCLUSION OF LAW—ERROR NOT PREJUDICIAL.—Where the pleading shows that the agent alone signed the contract, the further statement that it "was in fact the contract of the defendant, duly authorized by him," may or may not be faulty as being a conclusion of law, but if the other party was not prejudiced by the failure of the complaint to state the facts more elaborately, and he was cognizant of the case against him, and met it as far as the existing facts would allow, if it is error, it is such without prejudice.

ID.—LACHES—LAPSE OF TIME NOT PREJUDICIAL TO OTHER PARTY.—Mere lapse of time unaccompanied by circumstances from which the defendant or some other person may be prejudiced, or lapse of time not such that prejudice may reasonably be supposed to occur if the remedy is allowed, does not constitute laches.

ID.—EXCUSE FOR DELAY.—Where the plaintiff, considering that circumstances terminated the contract to purchase, sued in good faith to recover the purchase money, in which action the defendant contended that the contract was still in operation, sufficient excuse

for not insisting upon the performance of the contract until afterward is shown to defeat the defense of laches.

ID.—ELECTION OF REMEDIES—MISTAKEN REMEDY—OTHER PARTY NOT PREJUDICED.—The bringing of an action for the recovery of installments of the purchase price paid, upon the theory that the contract was rescinded, in which a judgment of nonsuit was rendered because no rescission of the contract was proved, is not a defense to an action to compel specific performance of the contract brought later, because defendant is placed in no worse position by reason of the unsuccessful prosecution of the first action and there. is consequently no estoppel.

ID.—NOT A BAR TO SUBSEQUENT SUIT ON TRUE REMEDY.—If plaintiff was mistaken, and undertook to avail himself of a remedy that he was never entitled to, this does not prevent him from subsequently availing himself of a remedy that he is entitled to under the facts of the case.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

Lewis R. Works, John D. Works, C. Hughes Jordan, and Eugene D. Williams, for Respondent.

SHAW, J.—This is an action to compel specific performance of an alleged contract whereby defendant agreed to convey to the plaintiff a certain lot situated in Los Angeles. The court below gave judgment for the plaintiff and decreed specific performance of the contract. The defendant appeals both from the judgment and from an order denying his motion for a new trial.

The complaint alleges that on November 26, 1906, the plaintiff and defendant entered into a written contract whereby it was agreed that the defendant should convey to the plaintiff lot 132 in the Schmidt Heights tract, situate in the county of Los Angeles. It further alleges "that said contract was in fact signed by one Oscar E. Schmidt, but the said Oscar E. Schmidt was acting for the defendant and said contract was in fact the contract of the defendant, duly authorized by him." The contract in question is as follows:

"$100.00          Los Angeles, November 26, 1906.

"Received from Isabella McGibbon, per James D. Mc-
Gibbon, the sum of one hundred dollars, making in all eight
hundred dollars, which amount is the first payment on lot
132 in the Schmidt Heights tract; next payment of principal
being due December 1st, 1907, amounting to eight hundred
dollars, and interest, to start from December 1st, 1906, at
six per cent, on sixteen hundred dollars, interest payable
·every three months.

"(Signed)   Oscar E. .Schmidt."

Interest payments of twenty-four dollars each were made
thereafter on May 31, September 3, and November 26, 1907,
by checks drawn in favor of the defendant, but delivered
to Oscar E. Schmidt by James D. McGibbon, who represented
the plaintiff, his sister, in-all her transactions relating to the
lot in controversy. Two of these checks were indorsed by the
defendant. They were as follows:

"Merchants National Bank          No. 303
          of Los Angeles

"Los Angeles, Cal., May 31st, 1907.
"Pay to order of Fred Schmidt,          $24 00/100
Twenty-four ............................00/100 Dollars
Int. to June 1st, 1907—$1600.
on bal. purchase price, being
$1600., on lot 132 Schmidt Heights
Tract, owned by Isabella McGibbon.
          "Jas. D. McGibbon."
               "(Indorsed) Fred Schmidt."

"Merchants National Bank          No. 331
          of Los Angeles

"Los Angeles, Cal., Sept. 3d, 1907.
"Pay to order of Fred Schmidt,          $24 00/100
Twenty-four ............................00/100 Dollars
Int. to Sept. 1st on $1600 00/100
Deferred payments on lot 132
Schmidt Heights Tract, belonging
to Isabella McGibbon.
          "Jas. D. McGibbon."
               "(Indorsed) Fred Schmidt."

In June, 1907, James McGibbon requested that a deed be made to Isabella McGibbon, in accordance with the contract, upon the giving of a mortgage by her for the balance of the purchase money unpaid. A deed was accordingly prepared by the attorney for defendant containing building restrictions to which McGibbon objected. Nothing further was done in regard to the execution of the deed or mortgage. December 12, 1907, the attorney for the defendant wrote to the plaintiff and to McGibbon requesting that the payment of the purchase money and interest due December 1, 1907, be made immediately, but no further payments were or have been made. On May 11, 1908, plaintiff began an action to recover of defendant the purchase money and interest theretofore paid. A judgment of nonsuit was entered against her in that action on May 13, 1909. The precise reason for such judgment does not appear in the record. On November 12, 1910, one year and six months after such judgment was entered against her, she tendered the defendant the balance of the purchase money and interest due under the contract, and demanded a deed without restrictions or conditions, which was refused. She began this action to compel a conveyance by the defendant November 25, 1910.

The defendant did not demur to the complaint. At the trial he objected to the introduction of evidence, on the ground that the complaint did not state a cause of action, and his objection was overruled. This ruling is the basis of the first assignment of error. It is claimed that the complaint does not show that the contract relied upon was signed by the defendant; that the allegation above quoted to the effect that the contract signed by Oscar E. Schmidt was "in fact the contract of the defendant, duly authorized by him," is a mere conclusion of law and insufficient as a pleading of fact. Where a pleading alleges a contract according to its legal effect, which may be done under our system (*Stoddard* v. *Treadwell*, 26 Cal. 303), the contract, if it is executed by an agent duly empowered, may be pleaded as if it were the contract of the principal, without mentioning the agency. (31 Cyc. 1626.) In such case the execution, if denied, may be sustained by proof of signing and delivery by the agent, supported by proof of his authority. But where, as is the case here, the pleading shows that the agent alone signed the contract sued on, we are not prepared to

say that the further statement that it "was in fact the contract of the defendant, duly authorized by him" is not faulty, as being a conclusion of law. Upon the facts proven as above recited, the complaint might well have stated that the contract, as signed by the agent, was afterward, in writing, ratified and confirmed by the defendant, by means of the aforesaid checks indorsed by him. But even if we concede that the complaint was defective in this particular, and that the defect may be reached without a special demurrer, we do not deem the ruling sufficient cause for reversal. The defendant was not misled or at all prejudiced by the failure of the complaint to state the facts more elaborately. He appears to have been entirely cognizant of the case against him, and to have met it as far as the existing facts would allow. If error at all, it was error without prejudice.

It is next insisted that there was such a lack of diligence upon the part of the plaintiff in the prosecution of this action as to constitute laches. The rule is well settled that mere lapse of time does not constitute laches unless accompanied by circumstances from which the defendant or some other person may be prejudiced, or such lapse of time that prejudice may be reasonably supposed to occur if the remedy is allowed. (*Cahill* v. *Superior Court*, 145 Cal. 42, [78 Pac. 467]; *Cook* v. *Ceas*, 147 Cal. 618, [82 Pac. 370].) No laches can, therefore, be attributed to the plaintiff in this case unless it appears that because of the delay of eighteen months in bringing the action it might result in serious wrong to grant the relief requested. There is nothing in the case to indicate that the defendant has been injured by the delay or that his defense was rendered more difficult thereby. Furthermore, there was some excuse for the delay. The offer of June, 1907, to perform the agreement in a modified form, was made before its maturity. This offer was met by the tender, on behalf of the defendant, of a deed containing conditions not provided in the agreement of sale and which defendant had no right to insert or to demand. The plaintiff seems to have considered this as a termination of the agreement, and accordingly, she sued to recover the purchase money she had paid. So far as appears she did this in good faith. The defendant refused to return the purchase money, defended that action, and obtained a judgment of nonsuit against the plaintiff. This judgment was not ren-

dered until May 12, 1909. Up to that time at least, the defendant himself was insisting that the agreement was in force, else he should have returned the purchase money paid, since it is not claimed that plaintiff had taken possession. This suit was begun eighteen months thereafter. The agreement itself did not fix any time for the making of the final payment. In such cases the law allows a reasonable time. The court found that plaintiff acted with reasonable diligence in offering performance and in beginning the action. We cannot say that this finding is contrary to the evidence. The plaintiff cannot, therefore, be deemed guilty of laches.

It is next claimed that plaintiff was put to her election, either to recover the purchase money, or to insist upon a performance of the contract, and that by bringing the former action, even though unsuccessful therein, she is estopped to insist upon this action for specific performance. This claim is based upon the well-settled rule that where two inconsistent, concurrent remedies are available the party is confined to the remedy which he first prefers and adopts. (*Parke & Lacy Co.* v. *White River Lumber Co.,* 101 Cal. 37, [35 Pac. 442] ; *Holt Mfg. Co.* v. *Ewing,* 109 Cal. 357, [42 Pac. 435] ; *Agar* v. *Winslow,* 123 Cal. 587, [69 Am. St. Rep. 84, 56 Pac. 422] ; *Liver* v. *Mills,* 155 Cal. 459, [101 Pac. 299] ; *Rodermund* v. *Clark,* 46 N. Y. 354.) The action to recover the purchase money was not based on fraud. It was in the form of an action for money had and received. It could not have been successfully maintained except by proof that the contract had been rescinded, or that defendant had been guilty of a breach thereof. The judgment of nonsuit was, therefore, as we must presume, based upon the fact that no rescission, termination, or breach of the contract had been proven and that it was still in force; that the plaintiff had no remedy such as she sought to enforce by that action. As was said in *Agar* v. *Winslow,* 123 Cal. 587, 592, [69 Am. St. Rep. 84, 56 Pac. 422] : "If plaintiff was mistaken and undertook to avail himself of a remedy that he was never entitled to, this does not prevent him from subsequently availing himself of a remedy that he is entitled to under the facts of the case." The defendant is placed in no worse position by reason of the unsuccessful prosecution of that action. There is, consequently, no estoppel. There is substantial evidence in the

record in support of each finding. No other questions are raised requiring consideration.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.