[S. F. No. 10578.   In Bank.—May 8, 1923.]

# D. W. MANSFIELD, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[S. F. No. 10576.   In Bank.—May 8, 1923.]

# MRS. J. H. WEIDER, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[S. F. No. 10577.   In Bank.—May 8, 1923.]

# EDWARD · LEITERT, Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[S. F. No. 10575.   In Bank.—May 8, 1923.]

# LESTER LAWRENCE, · Respondent, v. PICKWICK STAGES, NORTHERN DIVISION, INC., Appellant.

[1] ELECTION OF REMEDIES — DEFINITION. — An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts.

[2] ID.—SELECTION OF REMEDY.—The general rule is that the remedy first sought must be pursued to judgment.

[3] ID.—ESTOPPEL—APPLICATION OF DOCTRINE.—The doctrine of election of remedies will be applied by the courts under the well-settled principle of estoppel where the disadvantage to the other party would be a real injury amounting to a fraud upon him.

[4] DISMISSAL—JUDGMENT—WHEN NOT A BAR.—A judgment of dismissal given upon motion of the plaintiff before the hearing or trial of any issue of law or fact, and without any determination of the merits of the cause, is no bar to a subsequent suit in any court upon the same cause of action.

[5] VENUE—BRINGING OF ACTION IN WRONG COUNTY—DISMISSAL—ESTOPPEL.—A defendant corporation sued on a claim for damages for personal injuries is not entitled to have the action moved for trial to the county of its principal place of business by reason of the fact that the plaintiff first brought the action in the wrong county and afterward dismissed it and brought it in the county where the injury occurred.

191 Cal.—9

APPEAL from orders of the Superior Court of Monterey County denying motions for change of place of trial.   J. A. Bardin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

B. P. Gibbs, Barry J. Colding, Theodore Hale and J. E. Pemberton for Appellant.

Reisner & Honey for Respondent.

MYERS, J.—The defendant in each of the above-entitled actions prosecutes these appeals from orders denying its motion for a change of venue from Monterey County to Los Angeles County.   Each action is for damages for personal injuries sustained in an accident which occurred in Monterey County.   The defendant, a corporation, had its principal place of business, and therefore its legal residence, in Los Angeles County.   Prior to the commencement of these actions in Monterey County each of the plaintiffs filed a complaint upon the same cause of action in the city and county of San Francisco, whereupon the defendant moved for a change of venue to Los Angeles County, the county of its residence, and the plaintiff thereupon dismissed the action and refiled the same in Monterey County.   Defendant's sole contention on this appeal is that when plaintiff filed the action in the city and county of San Francisco the defendant thereupon had an absolute right, upon proper procedure, to change the place of trial to its home county; that the plaintiffs sought to deprive defendant of this right by dismissing and refiling the actions in Monterey County, and that under these circumstances plaintiffs should be held to have made an irrevocable election of remedies, and to be estopped thereby to resist defendant's motion for a change of venue from Monterey County to Los Angeles County.

[1]   "An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts." (9 R. C. L., p. 956.)   "Election of remedies has been defined to be the right to choose or the act of choosing between different actions or remedies where plaintiff has

suffered one species of wrong from the act complained of. Broadly speaking, an election of remedies is the choice by a plaintiff to an action of one of two or more coexisting remedial rights, where several such rights arise out of the same facts, but the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other.'' (20 C. J., p. 2.) [2] The general rule is that the remedy first sought must be pursued to judgment. Many cases go to the extent of holding that where a party has brought his action in pursuit of one remedy, he cannot, by dismissing it before judgment, be permitted to pursue another and different remedy, but that the commencement of the first is a conclusive election by which he is bound. (*Hines* v. *Ward,* 121 Cal. 115, 120 [53 Pac. 427].) ''The doctrine of election as applied to a choice of remedies which precludes a party from claiming repugnant rights, is but an extension of the general principles of equitable estoppel, and proceeds upon a like theory that the inconsistent attitude of the party will put his adversary to some disadvantage.'' (*Hines* v. *Ward, supra.*) [3] Of course, under the well-settled principles of the doctrine of estoppel, the disadvantage here referred to must be a real injury, such as would, in contemplation of law, amount to a fraud upon the party invoking the estoppel. When it is of this character the doctrine of election of remedies will be applied by the courts. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610].) The sole injury claimed to have been suffered by the appellant herein is that it was put to the expense of preparing to present to the San Francisco court its motion for change of venue. If this should be held such an injury as to give rise to an estoppel, the logical conclusion must be that the plaintiff, by having filed and then dismissed his action in San Francisco, should be barred thereby from thereafter prosecuting the same in any court. [4] ''The rule has long been established that a judgment of dismissal given upon motion of the plaintiff before the hearing or trial of any issue of law or fact, and without any determination of the merits of the cause, is no bar to a subsequent suit in any court upon the same cause of action.'' (*Carr* v. *Howell,* 154 Cal. 383 [97 Pac. 885].) It has been held that where one brings

an action for the recovery of the purchase money paid upon the theory that the contract was rescinded, and a judgment of nonsuit is rendered because no rescission of the contract had been proved, the plaintiff may afterward bring an action for specific performance of the contract (*McGibbon* v. *Schmidt,* 172 Cal. 70 [155 Pac. 460]); also that the bringing of an action for rescission of a contract for exchange of properties in which a nonsuit is granted because of a failure to tender a deed to defendant before suit brought is not a bar to an action for damages for fraudulent representations. (*Herdan* v. *Hanson,* 182 Cal. 538 [189 Pac. 440].) Manifestly the defendant in each of the foregoing cases was put to vastly more expense and inconvenience than was the defendant herein.

[5] The fallacy in appellant's position herein rests upon its assumption that the commencement of the actions in San Francisco County conferred upon the defendant an "absolute right, upon proper procedure presented, to change the place of trial to its home county," which "right could not be taken from defendant by any change in election of remedies by plaintiff." It is true that upon the commencement of the actions in San Francisco County defendant had a right upon a proper showing, and in the absence of a sufficient counter-showing (*Sheffield* v. *Pickwick Stages,* 191 Cal. 9 [214 Pac. 852]), to a change of venue to its home county, but, in its essence, this was not a right to a transfer to its home county, but a right to be protected against being compelled to proceed to trial in a county other than one designated by law for the trial of such actions. Monterey County is a proper county for the commencement of the trial of these actions. (Code Civ. Proc., sec. 395; *Gridley* v. *Fellows,* 166 Cal. 765 [138 Pac. 355]; *Rains* v. *Diamond Match Co.,* 171 Cal. 326 [153 Pac. 239].)

The orders appealed from are affirmed.

Lawlor, J., Lennon, J., Waste, J., Seawell, J., Kerrigan, J., and Wilbur, C. J., concurred.