[L. A. No. 14540.   In Bank.—May 14, 1934.]

OLIVER MAILHES, Appellant, v. INVESTORS SYNDI-CATE (a Corporation) et al., Respondents.

736

C. M. Johnson for Appellant.

Daniel E. Farr and W. Torrence Stockman for Respondents.

PRESTON, J.—This judgment-roll appeal by plaintiff from judgment for defendants, in an action to declare the right of possession of certain real property occupied by plaintiff and his wife, has been submitted on motion to dismiss the appeal or affirm the judgment. The several contentions of appellant appear to be entirely without merit. The word "defendant" will be used to refer to defendant and cross-complainant Investors Syndicate, a corporation.

The premises in question were conveyed to defendant by a grantor who had purchased them at a sale of foreclosure under a deed of trust and defendant, prior to commencement of this action, had successfully prosecuted to final judgment an unlawful detainer action against plaintiff's wife. In his complaint herein plaintiff alleged that he was in possession of the property and occupied it by virtue of an unterminated lease from the former owner, who was trustor under the above-mentioned deed of trust. He prayed for and was granted a preliminary restraining order preventing defend-

ants from occupying the property under writ of possession issued in said unlawful detainer action against his wife. He further prayed for a permanent injunction and for a declaration of his rights and duties in the premises. Defendant answered setting up its ownership of the property and also cross-complained to quiet title thereto. Later, upon hearing, the preliminary restraining order was discharged and a temporary injunction was denied plaintiff. The cause then proceeded to trial and the court thereafter rendered its findings that defendant was in fact the owner of the premises; that the sale under the deed of trust was duly and regularly made; that the tenancy of plaintiff had terminated; that he had no interest in said premises and was not entitled to possession thereof. Judgment followed for defendant, quieting its title to the property, and plaintiff appealed on the judgment-roll alone.

Appellant's first contention is that the court erred in dissolving the temporary restraining order and in denying his request for a temporary injunction, because the allegations of his complaint were sufficient, against the denials of defendant on information and belief, to show that he was rightfully in possession and entitled to quiet enjoyment of the property. This claim has no virtue, not only because the appeal has been prosecuted upon the judgment-roll alone, which does not contain a copy of said temporary restraining order, or the order dissolving it and denying an injunction *pendente lite*, or show the proceedings which resulted in the latter order, but also because any question of the propriety of said action of the court below has become moot by reason of the trial of the cause on its merits and entry of judgment denying a permanent injunction. (*People's Ditch Co.* v. *Foothill Irr. Dist.*, 103 Cal. App. 321 [284 Pac. 514].)

Secondly, appellant states that the findings of fact do not sustain the judgment. This assertion is apparently founded upon the theory that actions of unlawful detainer and actions to quiet title may be concurrent; that defendant had an election of remedies and by securing judgment in the unlawful detainer action against plaintiff's wife, it elected to pursue that remedy, and consider her as the party holding over under section 1161a of the Code of Civil Procedure, being thereby precluded in this cause from interposing a defense or cross-complaint to quiet title. This

claim scarcely warrants discussion. The fact that defendant brought an unlawful detainer action against one person certainly did not estop it from defending and quieting its title against the claims of another person, despite the relationship of these two persons.

The doctrine of election of remedies is regarded as an application or extension of the law of estoppel and it is founded upon the theory that a party should not be allowed to occupy inconsistent positions (10 Cal. Jur., sec. 1, p. 3). As stated in 20 Corpus Juris, p. 12, sec. 9, B: "Where title to property is involved. All actions which proceed upon the theory that the title to property is in plaintiff are inconsistent with those which proceed upon the theory that title is in defendant. But there is no inconsistency between different remedies, all of which are based upon claim of title to property in plaintiff, or all of which are based upon the affirmance of title in defendant." Here the action of defendant was not inconsistent, being directed in both causes toward affirmance of its title and right to possession of the property. A review of the findings reveals that they fully support the judgment in every particular.

Appellant's third contention is that an action to quiet title will not lie against a tenant whose tenancy has not been terminated previous to the bringing of the action. Such a doctrine, whether or not appellant has properly stated it, can have no application here. The court specifically found that appellant's tenancy had terminated and it will be assumed, on a judgment-roll appeal, that sufficient evidence was adduced to support the findings.

Lastly, appellant contends that neither the pleadings nor findings show sufficient notice to warrant termination of his tenancy by cross-complaint. In this behalf appellant states that although said section 1161a requires a three-day notice to be served upon both the person holding over and the subtenant in possession (being said trustor and appellant, his subtenant), there is no showing of service upon the trustor. But there appears to have been a sufficient compliance with the statutory requirements. The court found that the three-day notice to quit was served upon appellant. It is he, and not the trustor, who has steadfastly contested defendant's right to the property; hence the failure, if any, to serve notice upon the trustor may be regarded as having

been waived by him. (*Calhoma Oil Corp.* v. *Conniff*, 207 Cal. 648, 651 [279 Pac. 771] ; *Williams* v. *Edge,* 192 Cal. 254, 255 [219 Pac. 747] ; see, also, *Hanes* v. *Coffee,* 212 Cal. 777 [300 Pac. 963].)

The judgment is affirmed.

Shenk, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.