[Civ. No. 5262.   Third Appellate District.—March 23, 1935.]

HAROLD L. WATERS et al., Appellants, v. FANNIE A. WOODS, Respondent.

Marshall & Farnham for Appellants.

Mason & Windham for Respondent.

WOODWARD, J., *pro tem.*—This is an appeal by plaintiffs on the judgment roll. The question involved is whether the findings support the judgment, or, to put it another way, whether the trial court, after making findings that plaintiffs had been defrauded in an exchange of real property and had suffered damage thereby, was justified in denying them all relief merely because the action was primarily one for rescission and plaintiffs were unable to place defendants in a *statu quo* position.

The following findings are relied on by appellants:

"IV.

"That it is true that during the period of the negotiations of the parties hereto leading up to and actually resulting in, the exchange of said properties, the defendant, well knowing the character, value and productiveness of said walnut grove, then and there falsely and fraudulently represented to the plaintiffs that said walnut grove had produced for the year next preceding said February 10th, 1931, a net

income to defendant of One Thousand Six Hundred Dollars ($1,600.00) from the marketing of walnuts produced on the property for said season; that said representation was false and was known by the defendant to be false, and was made by the defendant with intent to deceive plaintiffs and with intent to induce the plaintiffs to enter into said transaction.

"V.

"That it is true that the plaintiffs relied upon said representation so made by the defendant, believed it to be true, and, by reason thereof, consummated said exchange of properties on or about the 12th day of March, 1931, in accordance with said contract in the form of escrow instructions, above referred to; that had the plaintiffs had knowledge of the true facts, they would not have consummated said transaction. That plaintiffs, at the time of entering into said exchange of properties, were wholly inexperienced in the business of growing and marketing walnuts, and inexperienced and ignorant of values concerning walnut groves. That it is not true that the plaintiffs relied solely upon the representation of defendant as to crop proceeds.

"VI.

"That it is true that plaintiffs, for the first time, learned that said walnut grove had produced approximately Five Hundred Dollars ($500.00) in crop returns for the year 1930, after operating said walnut grove for the season of 1931 and marketing the walnut crop for said season.

"VII.

"That it is true that the reasonable market value of said walnut grove on the basis of the representation so made by the defendant at the time of said transaction was from Sixteen Thousand Dollars ($16,000.00) to Twenty Thousand Dollars ($20,000.00); that the reasonable market value of said grove based on the actual returns received by said defendant for the year 1930 was from Ten Thousand Dollars ($10,000.00) to Twelve Thousand Dollars ($12,000.00).

"VIII.

"That it is true that plaintiffs still possess said San Bernardino property transferred to them by the defendant, and the defendant still possesses said Long Beach property transferred to her by the plaintiffs.

"IX.

"That it is true that while plaintiffs are willing, they are not ready and able to reconvey said walnut grove to defendant clear of said encumbrance of Three Thousand Five Hundred Dollars ($3,500.00)."

From the foregoing findings it appears that the court considered the evidence adduced at the trial as sufficient to establish deliberate fraud and deceit on the part of the defendant, but nevertheless denied plaintiffs relief because their action was for rescission and they were unable to reconvey the property they had taken free of debt. Parenthetically, it may be remarked in passing that the particular encumbrance which brought disaster to plaintiffs' case was a promissory note for $3,500, secured by a deed of trust on the property they were acquiring. It seems that under the agreement of exchange plaintiffs were required to reduce the mortgaged indebtedness on their Long Beach property from $14,500 to $12,500. In order to do this they were forced to negotiate a loan, using the newly-acquired walnut grove as security therefor. It also appears that after reducing the loan in the manner stated they retained the balance of the borrowed money. In addition to paying $2,000 on said loan, they also, as a part of the consideration for the exchange of properties, gave defendant a note for $4,000, securing it with a second deed of trust on the grove.

Appellants urge that the complaint, while primarily one for rescission, contains sufficient averments of fraud to justify a judgment for damages in the event a rescission could not be had. Respondent, on the other hand, points out that from the allegations of the complaint it appears beyond all doubt that the intention of the pleaders was to state facts entitling them to rescission; and that, since disaffirmance of the contract and damages for fraud are inconsistent remedies, they were not entitled to rely on both but were compelled to make an election and thereafter stand throughout in the position they had chosen.

It is true, of course, that a complaint must be factually compatible with the relief sought; and in the instant case it seems patent that the pleader relied primarily on rescission, rather than damages, having set forth with meticulous care the elements of that equitable remedy. But it is likewise true that the averments of fact in a complaint

may be so composite in character as to encompass a number of different remedies. Here we have precisely this situation. Plaintiffs' complaint is denominated as an action for "rescission, cancellation of instruments, and/or damages". All the elements of fraud are pleaded, namely: (1) that the defendant made a material representation of an existing fact, intending that plaintiffs should act upon it; (2) that the representation was false and known by the defendant to be so; (3) that plaintiffs believed such representation; and (4) that they acted upon it to their damage. As already pointed out, the trial court found that the fraud had been committed in the manner alleged in the complaint but denied relief because plaintiffs were unable to comply with one of the prerequisites of rescission.

In this state there is but one form of civil action for the enforcement and protection of private rights, the formalism and subtle distinctions of common law pleading being entirely disregarded. (Sec. 307, Code of Civil Procedure.) As declared by the Supreme Court in the early case of *Grain* v. *Aldrich*, 38 Cal. 514, 520 [99 Am. Dec. 423], and consistently adhered to ever since:

"Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court, merely because his facts do not entitle him to relief at law, or merely because he is not entitled to relief in equity, as the case may be. He can be sent out of court only when, upon his facts, he is entitled to no relief, either at law or in equity."

In the case of *Martin* v. *Hall*, 219 Cal. 334 [26 Pac. (2d) 288], decided more than sixty years later, we find the Supreme Court reiterating this salutary rule; as stated in the syllabus:

"It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled." (See, also, *Nevada Land & Inv. Corp.* v. *Sistrunk*, 220 Cal. 174 [30 Pac. (2d) 389]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84]; *Bancroft* v. *Woodward*, 183 Cal. 99 [190 Pac. 445]; *Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]; *Samuels* v. *Singer*, 1 Cal. App.

(2d) 545 [36 Pac. (2d) 1098]; *Von Schrader* v. *Milton,* 96 Cal. App. 192 [273 Pac. 1074]; *Hayden* v. *Collins,* 1 Cal. App. 259 [81 Pac. 1120].)

The question here being considered was before this court in the cases of *Masero* v. *Bessolo,* 87 Cal. App. 262 [262 Pac. 61], and *Azarello* v. *Bessolo,* 87 Cal. App. 272 [262 Pac. 66], and the relief to which a plaintiff would be entitled was there dealt with at length, and the conclusion reached that in an action for the rescission. of a deed of conveyance where the prayer, in addition to such specified relief, asked for any relief that might be just and equitable, and the defendant answers and goes to trial, and the pleadings and the evidence show a right in the plaintiff to recover judgment in damages, it was error to grant defendant's motion for nonsuit because the plaintiff failed to establish a right of rescission, and that such relief should be granted as the testimony warranted.

In the *Bancroft* v. *Woodward* case, *supra,* the same point was involved as here, except that it arose from the allegations of an answer instead of a complaint. The court declared succinctly:

"It would hardly be questioned, for example, that under a complaint which, by proper and sufficient averments set out that the plaintiff had been induced by fraud to enter into a contract and had endeavored to rescind it because of such fraud, and prayed relief upon the basis of a rescission, the plaintiff might be accorded damages in case the fraud were found but under such circumstances that the right of rescission did not exist. To put the matter in another way, it is wholly inconsistent for a party defrauded to ask for damages first and a rescission if he cannot have them. But there is nothing inconsistent in his asking for rescission first and damages if he cannot have it." And that is exactly what the plaintiffs did in this case, notwithstanding the fact that they seemed to believe rescission to be their remedy.

Respondent relies on *Westerfeld* v. *New York Life Ins. Co.,* 129 Cal. 68 [58 Pac. 92, 61 Pac. 667], as sustaining her contention. We do not so understand the case. There the plaintiffs pleaded an action for rescission, but later, on appeal, found it expedient to take the position that the complaint would support a judgment for damages and that

averments pertaining exclusively to statutory rescission should be treated as surplusage. The Supreme Court held that "the facts proven do not show fraud, and plaintiffs could not recover in any form of action". This being true, the erudite observations of the court as to the distinctions between the two remedies can be of little comfort to the respondent. The case of *Conlin* v. *Studebaker Bros. Co.,* 175 Cal. 395 [165 Pac. 1009], also cited, is equally inapropos. In that action the court merely stated the obvious proposition that a buyer who rescinds a contract for the purchase of an automobile may not recover the price paid and also retain the car, declaring that he must either rescind the contract, or affirm it and sue for damages. Nor do we perceive the applicability of *Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729], as the principal problem in that case was the true measure of damage under a complaint which "neither pleads in rescission, nor yet does it plead for damages after affirmance". The decision, however, does suggest that the complaint should be amended on retrial of the cause so that it could be known just which of two positions the plaintiff proposed to take. In the case now before us, the complaint, as already pointed out, sets forth the essential facts for either remedy and prays that if rescission cannot be had plaintiffs be awarded damages in the sum of $20,000 and "for such other and further relief as to this court seems just and equitable".

Respondent urges that since the case was tried on the theory that rescission was the only relief open to plaintiffs they made an irrevocable election of remedies and must accept the consequences of such choice. It is true that where the law allows two distinct modes of procedure on the same state of facts, one of which is inconsistent with the other, a party is compelled to choose between them. This is said to be an application or extension of the doctrine of estoppel. (*Mailhes* v. *Investors Syndicate,* 220 Cal. 735 [32 Pac. (2d) 610].) The rule, however, is grounded on the assumption that there are two or more procedural courses actually open to the party; if eventually it develops that such party misconceived his remedy and the one on which he expected to rely had never been available, the estoppel does not apply. The rule is well stated in the case

of *Agar* v. *Winslow,* 123 Cal. 587, 591 [56 Pac. 422, 69 Am. St. Rep. 84] :

" 'Where there exists an election between inconsistent remedies the party is confined to the remedy which he first prefers and adopts.' Before one can exercise an option or preference between two things, both these things must have an actual existence. . . . If plaintiff was mistaken and undertook to avail himself of a remedy that he was never entitled to, this does not prevent him from subsequently availing himself of a remedy that he is entitled to under the facts of the case." (See, also, Restatement of the Law —Contracts—vol. 2, p. 717; 20 Cor. Jur. 21, 9 R. C. L. 962.)

In the instant case rescission was not available to plaintiffs because they were not in a position to reconvey the walnut grove clear of debt. This being true, it follows that they could not elect between two remedies when the facts of their case made only one of them available. In this connection it should be observed that the doctrine of election proceeds upon the theory that the inconsistent attitude of a party puts his adversary to some disadvantage and the disadvantage must be a real injury, "such as would, in contemplation of law, amount to a fraud upon the party invoking the estoppel". (*Mansfield* v. *Pickwick Stages,* 191 Cal. 129 [215 Pac. 389] ; *Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433].) Defendant herein did not, so far as the record discloses, make any effort to compel an election. We fail to perceive any disadvantage to respondent by reason of plaintiffs' reliance on the cause of action for fraud. Her defense doubtless would have been the same. Respondent's contention that had she known plaintiffs would eventually shift their position, she might have demanded a jury trial, seems far-fetched. Perhaps this so-called shift of position should have been anticipated from the allegations of the complaint.

We do not believe that the findings support the judgment. Under the allegations of the complaint and the findings of the court, plaintiffs were entitled to relief.

The judgment is reversed with directions to the trial court to retry the issue of damages only.

Plummer, J., and Pullen, P. J., concurred.