[Civ. No. 2945. Fourth Dist. Dec. 20, 1941.]

D. E. PAPENFUS, Appellant, v. WEBB PRODUCTS COMPANY (a Corporation) et al., Respondents.

John W. Preston, Alfred P. Peracca and James E. Pawson for Appellant.

Fred A. Wilson for Respondents.

MARKS, J.—Plaintiff brought this action for declaratory relief and to declare a trust in his favor in the assets of the Webb Products Company. Defendants had judgment and this appeal followed.

The controversy has been here before (see *Papenfus v. Webb Products Co., Inc.*, 24 Cal. App. (2d) 559 [75 Pac. (2d) 631]) in another case in which different issues were presented. Reference is made to the former opinion for a statement of those facts which are not repeated here.

The judgment in the present case is based on the theory that plaintiff elected his remedy in the former action and is precluded from maintaining this action by the judgment then rendered. This is the sole question which we must consider on this appeal.

In the former action plaintiff sought rescission of a contract between himself and defendants and a return to him of the assets he had transferred to the Webb Products Company, Inc., under the terms of the contract executed in 1931. These assets were principally good will of his business, a trade name which was copyrighted, stock in trade, consisting largely of materials used in the manufacture of products, and secret formulas for the manufacture of those products.

Judgment was rendered against plaintiff in that case on the ground that rescission was a remedy not available to

him for two reasons: (1) His former assets had been so inter-mingled with assets of Webb Products Company, Inc., that they could not be segregated and returned, the stock in trade had been used up and the secret formulas had become known to others and were no longer secret. (2) He was estopped by his conduct to demand a rescission.

Under well settled rules of law a person cannot rescind a contract when confronted with those facts. (*Papenfus* v. *Webb Products Co., supra.*) It is therefore evident that plaintiff mistook his remedy when he instituted his former action. From that statement it should not follow that he has no remedy which is available to him. To so hold would be to deprive him of former assets of a value of several thousand dollars which he had transferred to Webb Products Company and would permit it to retain the benefit of those assets without adequate compensation. Such is the net result of the judgment in this case which denies plaintiff any relief other than manual possession of a stock certificate issued to him by Webb Products Company in violation of its permit to issue stock and which that company now seems to maintain gives plaintiff neither an interest in any assets or earnings of the corporation nor any voice in its affairs.

In the case of *Herdan* v. *Hanson*, 182 Cal. 538 [189 Pac. 440], the parties entered into a contract for an exchange of properties. After the transaction was consummated plaintiff brought an action for rescission in which a judgment against him had become final. He then instituted a second action for damages for breach of contract in which he recovered judgment. In affirming the judgment and in considering the question of the election of remedies, the Supreme Court said:

"It is insisted, upon behalf of appellant, that a party having two inconsistent, concurrent remedies may not pursue both, but must choose between them and, having clearly elected to proceed upon one, is thereby bound and will be estopped from invoking the other. (*Hines* v. *Ward*, 121 Cal. 115 [53 Pac. 427].) It is, however, equally true that, where a party makes a mistake in election of remedies, he is not estopped by his abortive election from subsequently resorting to and pursuing a remedy to which he was really entitled."

Election of remedies was also considered in *Waters* v. *Woods*, 5 Cal. App. (2d) 483 [42 Pac. (2d) 1072], where it was said:

"In the instant case rescission was not available to plaintiffs because they were not in a position to reconvey the walnut grove clear of debt. This being true, it follows that they could not elect between two remedies when the facts of their case made only one of them available. In this connection it should be observed that the doctrine of election proceeds upon the theory that the inconsistent attitude of a party puts his adversary to some disadvantage and the disadvantage must be a real injury, 'such as would, in contemplation of law, amount to a fraud upon the party invoking the estoppel'. (*Mansfield* v. *Pickwick Stages*, 191 Cal. 129 [215 Pac. 389]; *Campanella* v. *Campanella*, 204 Cal. 515 [269 Pac. 433].)"

To the same effect are *Agar* v. *Winslow*, 123 Cal. 587 [56 Pac. 422, 69 Am. St. Rep. 84]; *South San Bernardino Land & Improvement Co.* v. *San Bernardino National Bank*, 127 Cal. 245 [59 Pac. 699]; *Campanella* v. *Campanella*, 204 Cal. 515 [269 Pac. 433], and Restatement of the Law—Contracts, Vol. 2, p. 717.

It is clear that the remedy of rescission was not available to plaintiff when he instituted his former action. As he mistook his remedy in his former action the doctrine of election of remedies cannot bar this action.

As the case must be retried we should notice a contention of plaintiff that our former decision (24 Cal. App. (2d) 559) established as the law of the case that defendants held plaintiff's property in trust for him. That issue was not involved on the former appeal. The statement there made that "the corporation apparently holds the title to both sets of properties in trust for the respective parties" cannot be distorted into a definite holding that a trust existed. The use of the word "apparently" prevents such a conclusion.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 16, 1942.