[Civ. No. 16867. Second Dist., Div. Two. Nov. 17, 1949.]

GISELA E. STEINER, Appellant, v. DOROTHEA THOMAS et al., Respondents.

Edward S. Cooper and John Boyce-Smith for Appellant.

James V. Brewer and Everett C. Rauh for Respondents.

MOORE, P. J.—The question for decision is whether a judgment denying the rescission of a contract for the conveyance of realty allegedly induced by fraud was also an adjudication of plaintiff's claim of a breach by the grantee of the same agreement to bequeath the property to appellant, such claim being coexistent with that alleged in the former action.

In September, 1946, appellant sued the executor of the estate of Dorothea Thomas alleging (1) that decedent had breached her agreement to devise Lot 83 of Tract 1976 in Los Angeles County; (2) that by such agreement made in October, 1930, appellant had conveyed Lot 83 of Tract 1976 to Dorothea "as consideration" for the latter's promise to devise it by her last will to appellant; (3) that the consideration for the contract was the deep love that existed between the two, her service to decedent and her own forbearance to sue Dorothea for the lot. The alleged agreement to devise was evidenced by two letters written to appellant by decedent.

The administrator entered a general denial to the fifth amended complaint and pleaded in bar certain statutes of limitation and the statute of frauds requiring an agreement to devise property to be evidenced by a writing. In addition, he pleaded that the findings and judgment in action 494796 of the same court, herein referred to as 494, was res judicata of the issues raised by the fifth amended complaint. The case having come on for trial, the court heard respondents' motion for judgment on the pleadings after appellant had requested the court first to try the plea of a former adjudication. Respondents' motion was granted on the ground that action 494 filed and tried in 1944 had determined the same issues raised by the fifth amended complaint.

The file in 494 disclosed that Dorothea's executor recovered a final judgment on the merits of appellant's suit for rescission. The pleadings in such file show that in such action appellant alleged that she was by decedent fraudulently induced to visit Europe and that while she was residing in Czechoslovakia in 1930, Dorothea fraudulently induced her to convey Lot 83 to Dorothea so that the latter could collect the rents and protect the property, and promised to reconvey the lot to appellant on the latter's return home; that in reliance upon such representations, without consideration she conveyed the lot to Dorothea. She supplemented her allegations of fraud by a recital of her intimate personal relationship with decedent as one of mother and adopted daughter. The findings in 494

658

disclose also that appellant acknowledged full payment for the deed to Lot 83 and that Dorothea Thomas was "after the 13th day of October, 1930, the owner of and entitled to the possession of and was in the actual and exclusive possession of this property until her death . . . and that the claim of plaintiff and all others claiming through her are without any right whatsoever in the premises." Also, respondent introduced in evidence by reference the file in the matter of the estate of Dorothea Thomas showing that she had deceased February 13, 1945, and that her last will had been admitted to probate.

On the trial of the instant action the court had before it (1) appellant's allegations of her ownership of Lot 83, (2) the two letters alleged to constitute decedent's last will, (3) her complaint in 494 alleging the agreement of Dorothea to devise the lot to appellant, (4) the same two letters used as exhibits in 494 and (5) the judgment roll in the latter action.

It was correct procedure to try the issue of res judicata and to enter judgment against the plaintiff after the court had ascertained that the special plea was substantiated. (Code Civ. Proc., § 597.) After reaching such conclusion it would be sheer nonsense to consume the time of a court by investigating the merits of the alleged contract and claim of appellant. The documents offered as proof of the plea included, besides the file of 494, the files in the estate of Dorothea Thomas and in the termination of the joint tenancy of Louis Henry Thomas, deceased. All such files were competent proof of a prior adjudication of the issue raised by the fifth amended complaint. (*Olwell* v. *Hopkins,* 28 Cal.2d 147, 151 [168 P.2d 972].)

Appellant deems herself aggrieved by not having had a trial herein on the merits. The fact is that in the former action the merits of all the facts were determined and relief was denied her. Upon presentation of the special plea in the instant action the court had merely to decide whether the facts alleged in the first suit for rescission of the contract were substantially those alleged in the second action for breach of the same contract. In the first amended complaint of 494 it was alleged that from 1928 to 1944 a close, intimate friendship existed between the women; that defendant frequently stated that she had adopted plaintiff; that in 1942 she stated that she had made a will of Lot 83 and other properties to plaintiff; that she intended to leave all her property to plaintiff; that in 1944 she discovered that decedent had sold Lot 83

and that the promise to leave it to plaintiff was impossible of performance.

The findings in 494 determined the facts contrary to the allegations of appellant and also that the relationship between the two women did not excuse plaintiff from looking after her own affairs or hinder her from taking legal action for the protection of her asserted rights to Lot 83; that while Dorothea wrote two letters* prior to her will purporting to devise her estate to plaintiff, they have not been admitted to probate; but that on March 23, 1945, the last will of Dorothea was duly admitted to probate; that prior to an altercation between plaintiff and Dorothea, the latter frequently stated that she intended to bequeath her property to plaintiff but that after the altercation Dorothea struck and beat plaintiff and the latter then created a disturbance of the peace "necessitating the calling of police officers to subdue plaintiff" and therefore Dorothea made no bequest to plaintiff. Final proof of the identity of the issues is found in the fact that the evidence used to prove her cause in 494 consists of the same documents pleaded by appellant, namely, the two letters written by decedent. While appellant had knowledge of the pendency of the probate proceedings of decedent, she did not herself offer the two letters for probate.

The judgment therefore was correct in decreeing that 494 was res judicata of the instant action. (Code Civ. Proc., § 1908.) ■ A judgment estops the plaintiff from main-

---

*"Vera . . . I have no one to write for me . . . I want you to stop being jealous. That is a sickness. You will still get everything I have. Stop you yelling. You had everything you wanted here at home. And nothing was good enough for you. Now I have a friend with me . . . don't worry he doesn't want my money. . . .

"Doris

"Los Angeles, Calif.
"June 18, 1943

"Dear Vera: . . .

"I would advise you not to come down here as Billy comes here real often. He was here yesterday again. He is just crazy to find out where you are & I have the mail man bring the mail to the house.

"Billy has moved over here on 84th & Broadway in the big apartment house so he is pretty close by . . . I didn't need the oil as I can walk fine. Ivy comes & gives me my shot and treatment every day . . .

"Love,
"Doris

"When you want something let me know & I'll send it to you."

taining a subsequent action between the same parties, not only as to the issues raised but also as to every other issue that might properly have been litigated. The estoppel is effective not only where the grounds for recovery in the second action are identical with those pleaded in the first which he failed to prove but he is likewise barred where he failed to allege those grounds in his first suit. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242]; *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497]; *Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864, 868 [137 P.2d 713]; Rest. Law of Judgments, § 63a.)

■ Not only is a litigant barred by his former allegations and the findings thereon but when having knowledge of all the facts he has elected one of two inconsistent remedies and pursued it to judgment, he cannot thereafter proceed upon the other. (*Verder* v. *American Loan Society*, 1 Cal.2d 17, 32 [33 P.2d 1081].) His commencement of the first remedy spells a perpetual inhibition against his resort to a second. (*Hines* v. *Ward*, 121 Cal. 115, 120 [53 P. 427].) He is estopped from asserting repugnant rights. (*Mansfield* v. *Pickwick Stages*, 191 Cal. 129, 130 [215 P. 389].) If the matter alleged in the second action is within the scope of the first and is so relevant to the issues that it could have been presented in the former action the judgment in the prior bars the maintenance of the second action even though it is not specially pleaded. Were the rule otherwise, a party might designedly withhold issues and litigate them in consecutive lawsuits. (*Sutphin* v. *Speik, supra.*) Therefore, appellant, having chosen to prosecute her action by alleging that decedent's writings constituted a fraudulent design to cheat appellant out of Lot 83, cannot in a later cause maintain that those same writings constitute a bona fide contract to devise the property to appellant.

■ It is contended that there can be no res judicata of an issue which appears not to have been determined. Appellant argues that the effect of the finding in 494 is that Dorothea was not guilty of fraudulent representations in inducing appellant to convey Lot 83 and therefore appellant might have been induced to convey the lot by an agreement honestly made at the time to leave it to appellant by last will which could not be broken until Dorothea's decease. In support of such argument appellant cites *Jacoby* v. *Peck*, 23 Cal.App. 363 [138 P. 104], which in no respect is applicable. Jacoby had in a former suit sought recovery of matured installments on a con-

tract for the sale of merchandise. Although subsequently maturing payments were due at the time of the first trial they were not and could not have been litigated then without a pleading that they were unpaid. The instant issue is settled by Code of Civil Procedure, sections 1908, 1962, subdivision 6, 1963, subdivision 18* and by *Price* v. *Sixth Dist. Agr. Assn.*, 201 Cal. 502, 511 [258 P. 387], wherein the defendant was barred from asserting defenses which he might have asserted in a former action.

The authorities cited by appellant (*Verder* v. *American Loan Society*, 1 Cal.2d 17 [33 P.2d 1081] ; *Mailhes* v. *Investors Syndicate*, 220 Cal. 735 [32 P.2d 610] ; *Pascoe* v. *Morrison*, 219 Cal. 54 [25 P.2d 9] ; *Herdan* v. *Hanson*, 182 Cal. 538 [189 P. 440] ; *McGibbon* v. *Schmidt*, 172 Cal. 70 [155 P. 460] ; *Papenfus* v. *Webb Products Co.*, 48 Cal.App.2d 631 [120 P.2d 60] ; *Dickinson* v. *Electric Corp.*, 10 Cal.App.2d 207 [51 P.2d 205] ) are not pertinent. The Verder case is alien to the question here involved. In *Mailhes* v. *Investors Syndicate* there was no inconsistency between the unlawful detainer action brought first by the owner and its subsequent defense of its title. *Pascoe* v. *Morrison* was an action to reform and enforce an agreement for exchange of properties and in the alternative for damages. Plaintiff's abortive attempt to obtain an enforcement did not preclude his recovery of damages in the same case. *Herdan* v. *Hanson* held that a judgment of non-suit merely leaves the parties "in the same relative position

---

*Code of Civil Procedure, section 1908. The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: . . .

2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.

Section 1962. The following presumptions, and no others, are deemed conclusive: . . .

6. The judgment or order of a court, when declared by this code to be conclusive; but such judgment or order must be alleged in the pleadings if there be an opportunity to do so; if there be no such opportunity, the judgment or order may be used as evidence; . . .

Section 1963. All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: . . .

18. That all matters within an issue were laid before the jury and passed upon by them; and in like manner, that all matters within a submission to arbitration were laid before the arbitrators and passed upon by them; . . . (1947)

as before the action was commenced.'' The judgment of nonsuit was not res judicata of plaintiff's subsequent action for damages on account of defendant's fraud in inducing the exchange. In *McGibbon* v. *Schmidt* plaintiff had sued to recover money paid on the purchase price of certain property and a nonsuit was entered against him for the reason that no rescission or other termination of the contract was established. He was not estopped by such judgment of nonsuit from later demanding specific performance. In *Papenfus* v. *Webb Products Co.,* plaintiff had in a former action sought rescission of his contract with defendant. Recovery was denied him for the reason that rescission was not available under the circumstances of the case. But because rescission would have been inequitable plaintiff was not to be deprived of an available remedy, to wit, that apparently defendant held plaintiff's property in trust for him. ''As he mistook his remedy in his former action the doctrine of election of remedies cannot bar his action.'' His second action was not inconsistent with his first.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.