## TANNER *v.* JOHNSON.

### Opinion delivered June 28, 1915.

1. PRINCIPAL AND SURETY—ELECTION OF REMEDY—DISCHARGE OF SURETY—SALE OF CHATTELS.—Plaintiff sold a team of horses to one T., T. giving his note therefor, and plaintiff retaining title until the note was paid. Before paying the note T. sold the horses, and paid the proceeds of the sale to the surety on his note to the plaintiff; plaintiff then brought replevin against the purchaser, but lost the suit, *Held*, the surety could not then resist a claim for payment of the note, made by plaintiff, on the ground that plaintiff had rescinded the contract of sale by suing in replevin; the surety having received the proceeds of the sale could not be damaged by the action.

2. ELECTION OF REMEDIES—JUDGMENT—REMEDIES AGAINST DIFFERENT PERSONS.—Plaintiff sold horses to T., retaining title, and taking a note from T., with a surety thereon; T. sold the horses, delivering the proceeds of the sale to his surety. Plaintiff then brought replevin against this purchaser, but lost the suit; *held*, the bringing of the replevin suit was not such an election of remedies as would prevent the plaintiff from suing on the note, and had there been a judgment in the replevin suit, it would not have been *res adjudicata*, there being no privity of contract between those liable on the note, and those sued in replevin.

Appeal from Clay Circuit Court, Western District; *W. J. Driver*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant Tanner purchased from the appellee, Johnson, a team of horses and executed a note for $225, bearing interest at 10 per cent. per annum from date until paid. It was recited in the note as follows: "The title to stock retained till note is paid."

Tanner was a tenant on Johnson's place and he claims that Johnson had sold cotton belonging to him

which amounted to enough to pay the note. Hence, he sold the horses which he had bought from Johnson. Some time after this (the evidence does not disclose how long) Johnson brought a suit in replevin before a justice of the peace against the party to whom Tanner had sold the horses, claiming that Tanner had not paid for the same and that he (Johnson) was the owner thereof. That suit went to trial and resulted in a verdict in favor of the defendant. Thereafter appellee brought the present suit in a justice court against the appellant on the note by filing the same. Appellants answered, admitting the execution of the note and made their answer a cross-complaint against Johnson and prayed for judgment against the appellee. They set up that they had been released from the indebtedness evidenced by the note because, prior to the bringing of this suit appellee had elected to rescind the sale and retake the property.

On the trial appellants offered to prove that appellee, prior to the institution of this suit, had instituted a suit in replevin for the horses for which the note was given. The appellee admitted the truth of the offered testimony. but objected to its competency, and the court ruled that the testimony was incompetent. This ruling is the only ground urged here for a reversal of the judgment that was returned in favor of the appellee, the appellants conceding that the verdict of the jury is conclusive and that the cause should be affirmed unless the court erred in refusing to admit the proffered testimony. Other facts stated in the opinion.

*O. R. Stewart* and *A. S. Tanner*, for appellants.

1.   It was error to admit proof of appellee's election of remedies and in sustaining appellee's objection to the admission that appellee had made an election before the institution of this suit. This was a conditional sale and Johnson had the right of election of remedies. 78 Ark. 569; 91 *Id.* 319; 67 *Id.* 206.

2.   An election was made by the first suit and a waiver resulted. 64 Ark. 213. The debt was cancelled.

*F. G. Taylor* and *J. L. Taylor,* for appellee.

1. After Tanner sold the horses appellee could not bring an action of replevin and rescind the contract. 50 Ark. 229.

2. The proof offered of election cuts no figure in the case. The cases cited by appellant do not have any bearing on the case. The judgment is right and should be affirmed.

WOOD, J., (after stating the facts). Appellant Stewart was surety on the note which Tanner executed to Johnson in consideration of the purchase price for the horses, of which Johnson retained title. When Tanner sold these horses before the note was paid he turned over the proceeds of the sale to Stewart. Stewart, therefore, is not damaged and is not in an attitude to resist the payment of the note nor to claim that appellee Johnson elected to rescind the contract evidenced by the note by instituting the suit in replevin for the horses, on which he had retained title.

While the record shows that Johnson instituted a suit in replevin for the horses and that a verdict was returned against him and in favor of the defendant in that suit, there is nothing in the record to indicate the ground upon which such verdict was based, and nothing in the present record, as abstracted, to show that final judgment was entered against Johnson upon that verdict. Neither of the appellants here were parties to that suit, and even if a judgment had been rendered there it could not be pleaded here as *res adjudicata* of the present suit, nor was the institution of the suit in replevin and the mere fact of the rendering of a verdict in favor of the defendant in that suit against appellee Johnson any evidence that appellee had made an election between the remedies which he had on the contract evidenced by the note in controversy. These remedies were either to sue the appellants in replevin to recover the property, if they failed to deliver the same to the appellee on demand after the note became due, or to waive title to the property and the right to sue for the possession of the same, and in

lieu thereof to treat the sale as complete and ask for judgment on the note.

When Tanner sold the horses and possession thereof was delivered to a third party, he placed it beyond the power of the appellee Johnson to sue him (Tanner) and his surety, Stewart, for the possession of these horses. They can not set up that a suit instituted by appellee Johnson against a third party for the possession of the horses was an election between remedies that Johnson had against them on their note.

It is conceded that the verdict of the jury correctly settled the issue that they had not paid the note sued on. Nothing in this record discovers on what grounds as before stated, the suit instituted by the appellee in replevin was determined against him. Whatever might have been those grounds, the appellants can not avail themselves of them as a defense to the present suit, and the doctrine of the election of remedies has no application. The authorities cited by the appellants are not in point. In all of those cases, the suits in which it was held that there was an election of remedies were between the parties to the original contract, or their assignees; there was a privity of contract. In this case it is not pretended that there was any privity of contract between the appellants and the parties whom the appellee sued in replevin to recover the horses which appellant Tanner had sold. As against the appellants the appellee has never sought any remedy except to recover the amount due on their note.

The court, therefore, correctly ruled that the proffered evidence was not competent as a defense to the suit on the note. The judgment is, therefore, affirmed.