[Civ. No. 1946. First Appellate District.—June 13, 1917.]

WILLIAM C. CRITTENDEN, Respondent, v. CONSTANCE ST. HILL, Appellant.

LANDLORD AND TENANT — ACTION FOR RENT — SUBSEQUENT ACTION IN UNLAWFUL DETAINER.—The institution of an action for rent due under the terms of a written lease does not have the effect of affirming the lease, so as to preclude the lessor from bringing an action in unlawful detainer, where the lessee in the first action filed a cross-complaint preventing the lessor from dismissing the same, and no elements of estoppel are shown which would make it inequitable or unjust to allow the maintenance of the unlawful detainer action.

ID.—PLEADING—ELECTION OF REMEDIES—BASIS OF DOCTRINE.—The basis of the doctrine of election of remedies is founded in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of

right, the one taken must exclude and bar the prosecution of the other.

ID.—ELECTION—WHEN NOT A WAIVER.—Where the law affords distinct, but not inconsistent, remedies, an election to follow one does not operate as a waiver of the other.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

John T. Thornton, and Leo C. Lennon, for Appellant.

William A. Nunlist, and William M. Simmons, for Respondent.

LENNON, P. J.—This is an action in unlawful detainer. The pleaded and proven facts of the case show, substantially, that on the tenth day of June, 1914, the defendant herein and one Everson entered into a lease of the premises in controversy. Plaintiff acquired title to the demised premises from Everson on December 14th of the same year. Immediately following this change of ownership disputes arose between the plaintiff and defendant concerning the legality of the lease held by the latter, which finally culminated in litigation between them. Finally, however, the plaintiff, on July 3, 1915, agreed to waive his objections to the sufficiency of the lease, and further agreed not to disturb the defendant in the possession of the premises, in consideration of her paying the arrears in rent, which, at that time, amounted to $1,260, and covering a period of six months at the monthly rental of $210 as stipulated in the lease. The rent not being paid as thus agreed, plaintiff commenced an action on the sixth day of July, 1915, to recover the same from the defendant, and in that action sued out an attachment. The defendant, on the sixteenth day of July, filed her answer to the complaint therein, together with a counterclaim for damages, and at the same time procured a release of the attachment. That action and the issues arising therein are still pending, undetermined. On July 15, 1915, another month's rent became due, and the defendant offered to plaintiff the sum of $210, conditioned upon his giving a receipt for the rent for that period. Plain-

tiff refused to comply with this condition upon the ground that if he did so, it would constitute an admission upon his part that only that sum was due as rent, and would also prejudice his right to institute the present unlawful detainer suit. A similar receipt was presented each month as the rent became due, and until the time of the trial of the present action. On the sixteenth day of July, plaintiff demanded of defendant the possession of the leased premises, or payment to him of the rent, amounting at that time to the sum of $1,470, which was the aggregate of the rent due for seven months, from the fifteenth day of January, 1915, to the fifteenth day of August of the same year. This demand not having been complied with, plaintiff therein on the twenty-eighth day of July instituted the present action in unlawful detainer to recover possession of the leased premises. Defendant filed her answer herein and after trial, which was had on the thirteenth day of January, 1916, judgment was rendered in favor of plaintiff and against defendant for possession of the leased premises; for the forfeiture of the lease and for the sum of $2,520 as rent for a period of twelve months accruing up to the time of the trial, together with attorneys' fees and costs. The appeal is from the judgment.

The principal point presented in support of the appeal and urged for a reversal is contained in the contention that the defendant was justified in retaining possession of the premises without payment of rent, because of the fact that prior to the service of the notice to quit, respondent had commenced the action for rent hereinbefore referred to, and therefore it is asserted that the legal effect of the commencement of such action was to affirm the lease, the lawfulness of her possession and to recognize her tenancy as existing up to the period sued for, and that this action precluded the plaintiff from commencing the unlawful detainer action except for breaches occurring subsequent to such period. In other words, the defendant contends as a matter of law that when she became in default, respondent had an election of two remedies,—he could either commence an action for rent, or he could institute unlawful detainer proceedings, but having elected to pursue the former, he thereby affirmed the lease and waived his right to the latter remedy. The evident intention of the plaintiff in invoking the aid of the law was to collect from the defendant the rent of the premises which she admittedly occupied and enjoyed

from January 15, 1915, without the payment of any rent, and it is manifest that he had no intention of either confirming the lease or insisting upon a forfeiture thereof in its strict sense. In our opinion the mere institution of the rent action did not have the legal effect claimed for it, nor did it indicate a waiver of the right to maintain an action for the possession of the premises. By the original action plaintiff was seeking to recover the rent due him, and being resisted in that action, he has resorted to a more expeditious proceeding to accomplish this result. The basis of the doctrine of election of remedies is founded in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other. This doctrine is, therefore, generally regarded as being an application of the law of estoppel. (9 R. C. L., p. 956 et seq.) Here no such element exists. There was no payment or acceptance of the rent or any offer to pay, except the offers made upon the condition that defendant had no right to exact, nor does the record disclose any element of estoppel which makes it inequitable or unjust to allow the plaintiff the fruits of the judgment appealed from; nor are the two actions, in our opinion, inconsistent. One is for the income of the property, the other for the possession of the property itself, which is in part based upon the latter default. In *Arnold* v. *Krigbaum,* 169 Cal. 143, 146, [Ann. Cas. 1916D, 370, 146 Pac. 423], it is held that the action for unlawful detainer is one for the recovery of the possession of property primarily, and that the rent found due is a mere incident to the main object. The rights litigated in the two actions are therefore entirely different; and where the law affords distinct but not inconsistent remedies, the election to follow one does not operate as a waiver of the other. (*American Process Co.* v. *Florida White Pressed Brick Co.,* 56 Fla. 116, [16 Ann. Cas. p. 1056, 47 South. 942].) All inconsistent remedies may in general proceed concurrently, but, of course, the satisfaction of the claim by one remedy puts an end to the enforcement of the other. (Id.) Here there was no satisfaction of the action instituted for the recovery of the rent, because it never went to judgment, and respondent had no power to dismiss the same by reason of the fact that the defendant, in addition to her answer, interposed a cross-complaint for damages. We conclude, therefore, that

under the circumstances of this case the filing of the action for rent did not preclude respondent from proceeding in unlawful detainer.

Appellant further contends that the complaint fails to state a cause of action, for the reason that the respondent failed to properly connect himself in the allegations of his complaint with Everson, the original lessor of the defendant, and that his allegation of ownership is in form a mere conclusion of law. There is no merit in this contention (*Johnson v. Vance,* 86 Cal. 128, [24 Pac. 863]); and especially is this contention without merit when considered in the light of the fact that the allegation complained of was made by way of an amendment during the course of the trial, and no demurrer was interposed thereto or denial thereof made. Furthermore no injury is shown to have resulted to the appellant therefrom.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1917.