[S. F. No. 10912. In Bank.—March 12, 1924.]

JOEL ROULLARD et al., Appellants, v. ROSENBERG BROTHERS & CO., Respondent.

[1] ELECTION OF REMEDIES — VENDOR AND VENDEE — CONVERSION OF CROPS — SUIT AGAINST THIRD PARTY — SUBSEQUENT ACTION AGAINST VENDEE TO QUIET TITLE.—Where vendors, who hold a chattel mortgage covering crops to be grown on the premises forming the subject of the contract of purchase as security for annual payments to be made under the contract, first commence an action for conversion of crops against a purchaser thereof, and later, and before trial of the conversion action, commence an action to quiet title to, and to recover possession of, the premises, the vendee having defaulted in an annual payment, the commencement of the conversion action does not constitute an election of remedies because at that time there was no default under the contract of purchase; nor is an election made by the mere commencement of the suit to quiet title.

[2] ID.—JUDGMENT IN CONVERSION SUIT—ABEYANCE OF QUIET TITLE ACTION.—Where the vendors pressed the conversion action to trial and judgment, leaving the quiet title suit to remain in abeyance, if it can be said that the vendors elected to pursue either of the remedies in question to the exclusion of the other, it would have to be concluded that they have chosen to pursue the remedy afforded by the conversion action.

[3] ID.—ABSENCE OF INCONSISTENCY BETWEEN ACTIONS.—There is no inconsistency in the prosecution of the conversion action as against the purchaser of the crops and the quiet title action as against the vendee at the same time, at least up to the point where a judgment is obtained in the conversion action and the quiet title suit is still in abeyance.

[4] ID.—ESTOPPEL—EQUITY.—The doctrine of election of remedies is but a specific application of the equitable doctrine of estoppel.

[5] ID. — CONVERSION — DEFENDANT NOT PREJUDICED BY QUIET TITLE ACTION—ESTOPPEL.—Where at the time the conversion action in question was commenced the vendors had a complete and perfect cause of action against the purchaser of the crops for the recovery of the value thereof, the commencement and pendency of the later action to quiet title, against the vendee, a different defendant, and upon a different cause of action, did not operate

1. Waiving tort and suing in *assumpsit,* notes, 1 Am. St. Rep. 626; Ann. Cas. 1913D, 228.

to any extent to injure or defraud or mislead or in any way prejudice the defendant in the conversion action, and therefore afforded no ground upon which the latter could predicate a claim of estoppel.

[6] ID.—PAYMENT OF JUDGMENT—NATURE OF INJURY.—The fact that the defendant in the conversion action will be "injured," in the layman's sense of the word, if compelled to pay the judgment in that action does not constitute such an injury as is understood in law or in equity as affording a ground for relief.

[7] ID. — TRANSFER OF CROPS — ASSIGNMENT OF CONTRACT. — The defendant in the conversion action not being in privity with any of the parties to the contract for the sale of the land, the transfer to it of the crops did not operate as an assignment or conveyance of the land contract or of any interest therein.

[8] ID.—TERMINATION OF CONTRACT OF PURCHASE—FINDING—EFFECT UPON VENDEE OR ASSIGNS.—The finding in the conversion action that the vendors have declared at an end the contract for the sale of the land and that the same has been terminated, is in no sense binding upon or effective against the vendee under said contract, or his assigns, because the latter are not parties or privies to parties in the conversion action.

APPEAL from a judgment of the Superior Court of Fresno County.   J. E. Woolley, Judge.   Reversed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellants.

Harris, Johnson, Willey & Griffith and Walter Rothchild for Respondent.

MYERS, J.—Plaintiffs appeal herein on the judgment-roll alone from a judgment in favor of defendant in an action to recover damages for the wrongful conversion of a certain crop of peaches.   The only question involved upon the appeal is whether or not the doctrine of election of remedies was applicable to this case, and, if so, whether or not the defendant was entitled to rely upon it as a defense to the cause of action.

Briefly stated the facts were these: In October, 1919, appellants, who were the owners of a certain vineyard and

---

3.  Inconsistency of remedies as essential to application of doctrine of election of remedies, note, 6 **Ann. Cas.** 212.

orchard in Fresno County, entered into an executory contract to sell the same to one Johnson. This was in the usual form, providing for the payment of the contract price in annual installments and that time should be the essence thereof. To secure these annual payments Johnson executed and delivered to the appellants a chattel mortgage upon all of the crops to be produced upon the premises during the years from 1920 to 1925. This mortgage was in due and legal form, duly executed, acknowledged, delivered, and recorded, and contained the affidavits of the parties as required by law. It gave to appellants the right to possession of the crops as soon as they should be in a condition to be harvested and the right to dispose of them and apply the proceeds upon the unpaid balance of the purchase price. In September, 1921, certain persons who were in possession of the premises as assignees from Johnson, sold and delivered the 1921 crop of peaches from said premises to respondent herein, in disregard of the provisions of the chattel mortgage and of the rules of law applicable thereto. Thereupon appellants brought this action of conversion against the respondent to recover the value of the crop so converted, alleging in their complaint the facts briefly outlined above.

Subsequent to the commencement of this action, and before the trial, Johnson having defaulted in his payment due October 10, 1921, upon the contract of purchase, appellants brought an action against him to quiet title to and recover possession of the land. Thereupon the respondent filed a supplemental answer in the action of conversion, which is the case here upon appeal, alleging the commencement of the other action by plaintiffs against Johnson, and alleging that plaintiffs have elected by said last-mentioned action to recover said land and not the purchase price thereof, and that by reason of such election plaintiffs are barred from recovering any judgment against the respondent herein. The trial court found all of the facts alleged in the complaint to be true and also found the facts alleged in the supplemental answer to be true, and as a conclusion of law therefrom it concluded that the latter facts presented a complete bar to plaintiffs' cause of action herein, and rendered judgment accordingly in favor of defendant.

Respondent's contention is that when appellants commenced the second action above referred to for the recovery

of the possession of the premises they thereby made an election of remedies, as a result of which they are estopped and precluded from further pursuing their remedy in the case at bar. To this appellants reply that if they at any time made an election of remedies it was made when the case at bar was commenced, and not by the later suit to quiet title. We are of the opinion that neither of these contentions is precisely correct. An excellent statement of the doctrine of election of remedies is to be found in the following passage in 10 California Jurisprudence, at page 1: "It is a general dule that a party having two or more coexisting modes of procedure and relief allowed by law on the same state of facts, one of which is inconsistent with the other, may not pursue both but must choose between them, and when, with knowledge of the facts, he has clearly elected to proceed upon one, he is thereby bound and will be estopped from invoking the other. . . ."

[1] It cannot be said that plaintiffs made an election of remedies by the mere commencement of the action in the case at bar, because at that time they had no choice of remedies. No default had then been made in the contract of purchase, and the only remedy then available to plaintiffs was the action of conversion, which they are here prosecuting. Neither do we think they can be said to have made an election by the mere commencement of the action in the suit to quiet title. When that had been done the situation was that plaintiffs had then commenced two actions, one an action for damages for conversion, being the case at bar, the other a suit to quiet title. Neither of said actions had then proceeded beyond the point of filing complaint and issuance of summons, and it could not be said that plaintiffs had "clearly elected to proceed" upon either of them as distinguished from the other. The conclusion to be deduced from plaintiffs' conduct up to that point would be that they had not elected to pursue either remedy, but had elected rather to pursue both. If plaintiffs had then proceeded to pursue the quiet title action to trial and judgment, leaving the conversion action *in statu quo*, it might then have been argued with some force that they had thereby elected to pursue that action to the exclusion of this. But they did not do that. [2] Instead thereof, they

pressed the conversion action to trial and judgment, leaving the quiet title suit to remain in abeyance, so that if it can be said that plaintiffs have elected to pursue either of these remedies to the exclusion of the other, it would have to be concluded that they have chosen to pursue the remedy of the case at bar.

Appellants further contend that the defense of estoppel by election of remedies is never available to a stranger to the transaction such as is the respondent herein. The rule relied upon is thus stated: "The doctrine of election cannot be applied between one of the parties to a contract and a third person, a stranger thereto, since it is applicable only to the parties to the contract." (20 Corpus Juris, 18, citing *Kuechle* v. *Springer,* 145 Ill. App. 127; *Tanner* v. *Johnson,* 119 Ark. 506 [178 S. W. 376].) We shall not undertake to determine whether or not the rule contended for is as broad in its application as this statement of it would imply, or whether it is properly applicable to the present case, because, for the reason above indicated, as well as for other reasons which will be briefly stated, we do not think that the doctrine of election of remedies is available to the defendant herein. It is to be noted, first, that as against *this defendant* the plaintiffs have never had a choice of remedies; second, that the remedies involved in the two actions here under consideration depend upon totally different states of fact, and, third, that at least up to the present point there is no inconsistency between them. The case at bar is a tort action and rests upon the conversion by defendant of the crop of peaches, of which the plaintiffs were entitled under their mortgage to hold possession as security for the performance by Johnson of his contract of purchase. The quiet title action rests upon the default by Johnson in the performance of said contract, and has nothing whatever to do with the conversion of the peaches. [3] We see no inconsistency in the prosecution of the two actions at the same time, at least up to the point to which each of them has now progressed. It is, of course, true that the plaintiffs are not entitled to recover both the land and the unpaid purchase price, but if there had been no conversion of the property secured by the mortgage, it would scarcely be contended that the mere commencement of the action to

quiet title after default in the payment of purchase money would have had the effect of discharging or releasing the lien of the mortgage prior to the recovery of judgment in that action.

The instant case is analogous in some respects to the case of *Crittenden* v. *St. Hill,* 34 Cal. App. 107 [166 Pac. 1016]. In that case a landlord had brought an action at law against his tenant to recover rent due under the lease. While that action was still pending he commenced a second action of unlawful detainer to recover the possession of the premises, together with the rent due. The defendant contended that the commencement of the first action was an election of remedies by virtue of which the plaintiff should be precluded from pursuing the remedy in unlawful detainer. The following language from the opinion in that case is fairly pertinent to the action at bar: "By the original action plaintiff was seeking to recover the rent due him, and being resisted in that action, he has resorted to a more expeditious proceeding to accomplish this result. The basis of the doctrine of election of remedies is founded in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other. This doctrine is, therefore, generally regarded as being an application of the law of estoppel. (9 R. C. L., p. 956 et seq.) Here no such element exists. There was no payment or acceptance of the rent or any offer to pay, except the offers made upon the condition that defendant had no right to exact, nor does the record disclose any element of estoppel which makes it inequitable or unjust to allow the plaintiff the fruits of the judgment appealed from; nor are the two actions, in our opinion, inconsistent. One is for the income of the property, the other for the possession of the property itself, which is in part based upon the latter default. In *Arnold* v. *Krigbaum,* 169 Cal. 143, 146 [Ann. Cas. 1916D, 370, 146 Pac. 423], it is held that the action for unlawful detainer is one for the recovery of the possession of property primarily, and that the rent found due is a mere incident to the main object. The rights litigated in the two actions are therefore entirely different; and where the law affords

distinct but not inconsistent remedies, the election to follow one does not operate as a waiver of the other. (*American Process Co.* v. *Florida White Pressed Brick Co.,* 56 Fla. 116 [16 Ann. Cas. 1054, 47 South. 942].) All inconsistent remedies may in general proceed concurrently, but, of course, the satisfaction of the claim by one remedy puts an end to the enforcement of the other. (Id.) Here there was no satisfaction of the action instituted for the recovery of the rent, because it never went to judgment, . . .''    .

[4] As above noted, the doctrine of election of remedies is but a specific application of the equitable doctrine of estoppel. (See, also, *Hines* v. *Ward,* 121 Cal. 115, 120 [53 Pac. 427]; *McGibbon* v. *Schmidt,* 172 Cal. 70, 75 [155 Pac. 460]; *Herdan* v. *Hanson,* 182 Cal. 538, 543 [189 Pac. 440]; *Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610]; *Mansfield* v. *Pickwick Stages,* 191 Cal. 129 [215 Pac. 389].) [5] When this is kept in mind it is readily apparent that this defendant is in no position to invoke the doctrine. At the time this action was commenced the plaintiffs had a complete and perfect cause of action against this defendant for the recovery of the value of the property which had been wrongfully taken by the defendant and converted to its own use. The commencement and pendency of the later action to quiet title, against a different defendant and upon a different cause of action, did not operate to any extent to injure or defraud or mislead or in any way prejudice this defendant, and therefore affords no ground upon which the latter can predicate a claim of estoppel. [6] To be sure, this defendant will be ''injured,'' in the layman's sense of the word, if it is compelled to pay the judgment which is here sought. But this does not constitute an injury, as that term is understood in law or in equity as affording a ground for relief. The defendant rests under a legal obligation to make just compensation to the plaintiffs for the wrong done to them by the conversion committed by it.

[7] This defendant is not in privity with any of the parties to the contract for the sale of the land. The transfer to it of the crop of peaches did not operate as an assignment or conveyance of the land contract or of any interest therein, if, indeed, that transaction may be regarded as having any validity, which may be questioned. (See Pen.

Code, sec. 538.)   The case of *Glassell* v. *Coleman*, 94 Cal. 260 [29 Pac. 508], is readily distinguishable from the case at bar.   The cause of action in that case rested wholly in contract.   The defendants therein had guaranteed the payment by the vendee of a certain portion of the purchase price under a contract for the sale of land.   Default having occurred, the vendor elected to and did rescind the contract. *Thereafter* he brought suit against the guarantors to recover from them the portion of the unpaid purchase price which had been guaranteed by them.   The defendants therein, by their contract of guaranty, had become parties to the contract of sale, or at least in privity with the vendor thereunder.   It was there held that the vendor could not enforce obligations resting solely upon a contract, after that contract had been effectively rescinded.   The cause of action in the instant case sounds wholly in tort.   It is not at all dependent upon any contract obligation of the defendant. It depends upon the right of the plaintiffs to the possession of the fruit and the wrongful interference therewith by the defendant; and the cause of action therefor was complete at the time this action was commenced.

[8]   The finding herein that plaintiffs have declared at an end the said contract for the sale of the land and that the same has been terminated, is in no sense binding upon or effective against the vendee under said contract, or his assigns, because they were not parties or privies to parties herein.   If that action ever proceeds to trial it may be decided therein that the contract has not been terminated. It may be that the recovery of judgment herein, if such judgment is satisfied and the proceeds thereof applied upon the amounts due under the land contract, will operate to estop these plaintiffs from the further prosecution of the quiet title action, but we are not here called upon to determine that question.   We are of the opinion that the trial court erred herein in concluding that the facts found in response to the allegations of the supplemental answer operate as a bar to the cause of action which is fully supported by the facts found in response to the allegations of the complaint.

The judgment is reversed and the cause remanded to the trial court, with instructions to render judgment for the

plaintiffs upon the facts found by it, in accordance with the conclusions hereof.

Richards, J., Lawlor, J., Lennon, J., Waste, · J., Seawell, J., and Wilbur, C. J., concurred.

Rehearing denied.

All the Justices concurred.