## TITLE GUARANTEE & TRUST CO. v. McILWAIN.
### No. 7416.

Circuit Court of Appeals, Ninth Circuit.
Nov. 13, 1934.

Hyams & Himrod, of Los Angeles, Cal., for appellant.

Edward W. Forgy, John F. Poole, and Paul F. Mattoon, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from a judgment of the District Court awarding appellee damages because of negligence of appellant in making an improper reconveyance under a deed of trust.

On August 11, 1927, Ladd W. Hoffman executed a promissory note in favor of the American Mortgage Company in the sum of $10,000. To secure the payment of the note he executed a trust deed, by the terms of which certain real estate was conveyed to appellant as trustee. In effecting this transaction Mr. Hoffman and the American Mortgage Company used the forms of note and trust deed prepared and issued by appellant, which contained all the usual and customary terms and stipulations, and particularly the said deed of trust contained the following paragraph:

"Upon payment of all sums secured hereby and surrender to the trustee, for cancellation, of this deed of trust and the note secured thereby, trustee, upon receipt from the beneficiary of a written request reciting the fact of such payment and surrender, shall reconvey, without warranty, the estate then held by trustee, and the grantee in such reconveyance may be described in general terms as 'the person or persons legally entitled thereto', and trustee is authorized to retain this deed of trust and such note."

On or about August 18, 1927, the American Mortgage Company, the payee of said note and beneficiary under said deed of trust, sold the same to Wm. R. McIlwain, who is the

father of the appellee, and assigned and delivered the same together with said deed of trust by an indorsement on the note as follows:

"Los Angeles, Calif., Aug. 18, 1927

"For value received, we hereby transfer, set over and assign unto Wm. R. McIlwain all our right, title and interest in and to the within note and the debt secured thereby, without recourse.

"American Mortgage Company
"By Geo. X. Hickerson, Vice President
"And Roy H. Fish, Secretary."

Thereafter, on or about September 1, 1927, Wm. R. McIlwain in similar terms indorsed said note to his son, Charles H. McIlwain, appellee, and delivered it so indorsed, together with the deed of trust, fire insurance policy, title insurance policy, and certificate to appellee as a gift. Appellee kept the note, documents, and papers in his possession in Cambridge, Mass., until August, 1930.

About that time appellee received a letter from the American Mortgage Company, which stated the fact that on a certain date the trust deed would mature and that if appellee would send in the papers they would send the money. The appellee mailed said papers without any letter of transmittal, and without any change, and particularly did not indorse or sign said note, nor execute or sign any paper requesting a reconveyance. Having received no acknowledgment from said American Mortgage Company of the receipt of said papers, he, about two weeks later, on September 1, 1930, sent the company the following telegram: "Hoffman trustee papers sent you registered mail August fourteenth no acknowledgment of receipt or remittance yet received fear lost shall lose months interest if not here by September eight." Receiving no response to this telegram, appellee communicated with his father who was a resident of Los Angeles county, asking him to find out about the matter. Thereafter he received a letter from his father advising that on account of the depression the American Mortgage Company had been unable to collect the money, but that it was a mere matter of time and that the money would be sent as soon as available. Later appellee received a letter from the American Mortgage Company, dated August 12, 1930, as follows:

"Dear Mr. McIlwain: We enclose herewith our check in the amount of $200.00 quarterly interest on the Ladd Hoffman loan which is now in escrow for repayment.

"We expect the escrow to be closed within the next several days and at that time we will be able to place to your credit the principal of this loan together with accrued interest."

Appellee received another interest check in the sum of $200 dated February 9, 1931.

On April 7, 1931, the American Mortgage Company was placed in the hands of a receiver, which receivership was still pending at the time of the trial. The company was insolvent as shown by the receiver's report, there being a deficit of over $6,000,000. In August, 1931, appellee went to Los Angeles, and with his brother-in-law, Attorney Forgy, investigated at the receiver's office, the office of the appellant trust company and at the public offices, and then learned for the first time that on or about October 1, 1930, the Hoffman note had been presented to the appellant by the mortgage company bearing the forged indorsement "Charles H. McIlwain," together with the deed of trust and also a "Request for Full Reconveyance" wrongfully and improperly executed, all of which papers had been accepted as genuine; and that appellant without any further investigation had thereupon reconveyed the property to the American Mortgage Company.

Appellant in its answer as an affirmative defense alleged that the appellee had delivered the note and trust deed to the said American Mortgage Company as his agent for the purpose of collection, and that the company, acting as such agent, had delivered the note and trust deed to the appellant for cancellation, and that such agent had stated that said note and that all indebtedness secured by said deed of trust had been paid, and further, as agent for appellee, the American Mortgage Company had delivered to the appellant the document entitled "Request for Full Reconveyance," which it had been authorized to execute, and that said company, as agent for appellee, had been authorized to take whatever steps were necessary in order to surrender said note and trust deed for cancellation. It was further set forth in the affirmative defense that appellant had been induced by appellee to believe that the indorsement of plaintiff's name on the note was genuine, and that the appellee had delivered said note and trust deed with knowledge that said mortgage company would deliver the same to the defendant for cancellation, and that by reason of the facts alleged, the appellee was estopped to deny the authority of the mortgage company to execute the "Request for Full Reconveyance," or its authority to deliver said note and

trust deed for cancellation, or to deny the right of appellant to execute, deliver, and record said reconveyance. The District Court denied appellant's motion for nonsuit, rendered its decision for the appellee, and in its findings specifically found that the allegations of the affirmative defense set up in the answer were not true. These rulings are assigned as error.

Appellant in support of its appeal makes the following contentions: That the American Mortgage Company was the agent of appellee for the collection of the note in question; that if the mortgage company was not appellee's agent, he had placed the documents under the control of said company and he now must bear the loss under the well-known principle of law, that when one of two innocent persons must necessarily sustain injury by the fraudulent act of a third party, he who placed in the hands of such third party the means of committing the wrong must sustain the loss. It is also insisted that the evidence shows that appellee, McIlwain, received credit on the books of the American Mortgage Company for the amount by it collected, which was all that he expected, and that thereby the note in question was paid; further, that under appellee's own theory in this case, the reconveyance of the real property in question was void and of no force or effect, and that therefore the complaint states no cause of action, and there is no negligence on the part of appellant entitling appellee to any relief.

■ The transmittal of the documents upon request to the American Mortgage Company for the purpose of having the note paid did not constitute that company the agent of appellee. Walsh v. Hunt, 120 Cal. 46, 52 P. 115, 39 L. R. A. 697; Yamato v. Bank of Southern California, 170 Cal. 351, 149 P. 826.

■ Appellant relies upon California Civil Code, § 3543, which is as follows: "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." Under the facts in this case, the principle stated in the statute applies to appellant rather than to appellee. Appellee was not negligent; on the contrary, he acted with care and caution—the note was not indorsed by him—the request for reconveyance was not executed. The indorsement of his signature was a forgery and the request which was presented, being unauthorized, was likewise fraudulent. Appellee had placed no reliance upon the American Mortgage Company. On the other hand, when appellant was presented with the fraudulent and forged documents its employees, without any inquiry whatever, by giving full faith and credit to the representations of the American Mortgage Company, with whose officers they had transacted business for many years, assumed that the debt had been paid and, without legal authority, conveyed the property to the American Mortgage Company.

■ As appears from the cases cited by appellant, courts, for the purposes of expediency, have conferred upon certain documents of title, such as bearer bonds and stock certificates, certain elements of negotiability, and have held that mere possession of them confers authority to transfer them, but this is an exception to the general rule. The decisions of the California courts have fully established the point that a deed to real property is not a quasi negotiable instrument and we feel bound by those cases. Ernst v. Searle, 218 Cal. 233, 22 P.(2d) 715.

■ Appellant also contends that the note of appellee was paid by receiving credit on the books of the American Mortgage Company for the amount collected. Appellant seeks to sustain this position by showing that in order to pay off the note and trust deed here in question, the maker thereof executed three new notes and trust deeds. There were a number of involved transactions from which it is assumed that the conclusion might be supported that appellee had agreed to receive credit instead of cash. Appellee's testimony is explicitly to the contrary. He was never advised that the money had been collected. He was told that on account of the depression the money was not available at once; that it would be "a mere matter of time." Interest, presumably on the unpaid note, was sent him from time to time. Even the entries on the ledger of the American Mortgage Company are not consistent with the known facts. The new notes and trust deeds were dated August 11, 1930; the credit entry was dated September 18, 1930. The instruments were not delivered or recorded until October 8th; payments of interest were made thereafter. These confused records are not sufficient to overcome the direct and positive evidence of appellee. In connection with its arguments on this point appellant contends that it should have been granted a new trial for newly discovered evidence, based upon affidavits that after the trial appellant had learned that a claim on behalf of the appellee had been filed in the matter of the receivership of the Amer-

ican Mortgage Company for the amount sued upon here, the argument being that this was such an election of remedies as to preclude recovery against appellant. This entire claim is set forth in the transcript. The affidavit in support of the claim embraces all the facts; it recites the forgery of appellee's signature as an indorsement on the note; the reconveyance of the property, almost exactly as set out in the complaint here. As the record shows that the American Mortgage Company was hopelessly insolvent, being indebted upwards of $6,000,000, it would be fair to assume that the claim could not, and would not be paid, but these matters are not touched upon in appellant's affidavits, the contention being that the mere filing of the claim defeats recovery against appellant. To support the position taken we are cited, among others, to the case of Kimble Motor Car Co. v. Andrew, 125 Wash. 225, 215 P. 340. This case holds that in a conditional sale of personal property the vendor cannot both reclaim the property and at the same time collect full purchase price. The other cases cited are similarly not in point.

The claim filed sets forth the exact facts stated in the complaint. The American Mortgage Company, by reason of its fraudulent conduct, and the appellant, by reason of its negligence, were each liable to the appellee, and he had a right to pursue his remedy against either party, and there was no inconsistency in the action taken. True, there could be but one satisfaction, but it is not suggested by appellant that appellee's claim has been satisfied, or that there is any possibility of payment by the American Mortgage Company.

The authorities are uniform on the doctrine of election.

From 20 C. J., p. 8, we quote the following:

"Where actions against different persons are consistent and concurrent, the doctrine of election does not apply and the prosecution of one does not bar the prosecution of the other; and an unsuccessful attempt to recover against one, in the absence of circumstances creating an equitable estoppel, will not bar an action against the other. A party may pursue any number of consistent and concurrent remedies against different persons, until he obtains satisfaction from some of them."

In Crittenden v. St. Hill, 34 Cal. App. 107, 110, 166 P. 1016, 1017, it is said:

"* * * The basis of the doctrine of election of remedies is founded in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other. * * * And where the law affords distinct, but not inconsistent, remedies, the election to follow one does not operate as a waiver of the other. * * * "

"The doctrine of election of remedies is regarded as an application or extension of the law of estoppel and it is founded upon the theory that a party should not be allowed to occupy inconsistent positions. * * * " Mailhes v. Investors Syndicate, 220 Cal. 735, 32 P. (2d) 610, 611.

It was not error for the court to overrule the motion for a new trial.

For the first time on this appeal appellant raises another point, as follows: "Under appellee's own theory in this case the reconveyance of the real property in question was void and of no force or effect, the complaint does not state facts sufficient to constitute a cause of action, and he is in no event entitled to recover herein." Appellee objects to the consideration of this point, insisting that it is contrary to the theory on which the case was tried and decided and inconsistent with the pleadings and answer, and that a party cannot be permitted to change his position and adopt a new and different theory on appeal. While this is correct, it must be kept in mind that a challenge to a complaint that it does not state facts sufficient to constitute a cause of action may be made even in the appellate court. However, it appears from the evidence that the appellant received and canceled the note and trust deed belonging to appellee and issued new trust deeds on the same property; that one of these has been foreclosed and the property passed into the hands of innocent purchasers. No offer appears to have been made by appellant to restore appellee to his former position by the return of the canceled trust deed and note. This point now presented is in the nature of a demurrer to the complaint, which admits all its allegations including the responsibility of appellant for the loss occasioned appellee. There is no merit in this contention.

Affirmed.