**Einar GLASER and Dorothy Glaser, Appellants,**

v.

**Marguerite L. CONNELL and William F. White and Janet D. White, Appellees.**

**No. 15920.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1958.

Rehearing Denied Feb. 24, 1959.

Leo Levenson, Norman B. Kobin, Portland, Or., Wayne W. Wright, Layton A. Power, Seattle, Wash., for appellants.

Malcolm S. McLeod, Seattle, Wash., William F. White, White, Sutherland & White, Portland, Or., for appellee.

Before HEALY, FEE and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

■ This appeal involves a suit to foreclose a real property mortgage dated July 12, 1950, but in fact signed and delivered sometime in the summer of 1951 and recorded August 14, 1951.

Marguerite L. Connell is the owner of the real property upon which the mortgage was given. A promissory note to the order of Holdorf Oyster Corporation for $16,000.00, due five years from date with interest at six per centum per annum, was signed by her, and as security therefor she signed and acknowledged a mortgage upon the real property, which was then redeeded to her by Holdorf Oyster Corporation. Mrs. Connell had previously deeded this property to Holdorf Oyster Corporation. The property was reconveyed to her with the understanding that it be sold for her by E. R. Errion for $36,000.00. Errion was to receive $16,000.00 for his services, for which Mrs. Connell executed the note and mortgage. The pretrial order contains the agreement of the parties that "the execution of each and both of said promissory note and mortgage by defendant Marguerite L. Connell was induced and procured by fraud practiced upon her by the acts of Holdorf Oyster Corporation, the original payee and mortgagee, Dwight Holdorf, E. R. Errion, and others. Holdorf Oyster Corporation was the alter ego of E. R. Errion."

On August 8, 1951, and before recording of the mortgage, the Glasers pur-

chased the note and mortgage from Holdorf for $16,000.00, and are now the owners thereof as transferees or assignees and not as holders in due course. It is agreed they acquired these papers without actual knowledge of the fraud practiced upon Mrs. Connell by their assignor.

There are two other lawsuits which preceded this, Errion v. Connell, 9 Cir., 236 F.2d 447, and Glaser v. Connell, 47 Wash.2d 622, 289 P.2d 364. In the federal case, Mrs. Connell brought action against Errion, the Glasers and others, charging that they had conspired in a scheme to defraud her of securities and other properties in violation of §§ 10(b), 27 and 29(b) of the Securities Exchange Act of 1934, as amended,[1] and Rule X–10B–5 of the Commission.[2] The note and mortgage in the instant case were set up in that action. The Glasers were dismissed from that cause before judgment but after trial on the merits. Mrs. Connell recovered a judgment against the other defendants in the sum of $83,077.49, which is unsatisfied except to the extent of $5,747.57. Included in the sum for which judgment was given were damages on account of this note and mortgage. The note was cancelled "so far only as the title or interest of Holdorf Oyster Corporation is concerned" [3] by the judgment pursuant to 15 U.S.C.A. § 78cc.[4] In the state case (Glaser v. Connell), the Glasers brought action to foreclose this mortgage. Their position in that litigation was that they were holders in due course of the promissory note here involved. The Glasers were held not to be holders in due course of the note.[5] Their complaint in this previous case was dismissed without prejudice. The theory of dismissal was apparently that an opportunity was afforded the Glasers to improve their position, if possible.

The situation presented in the case at bar is that the Glasers are proceeding only as assignees of the note and mortgage. There is in the record an excellent pretrial order which clearly states the facts concerning which there is no contention and outlines the contentions of the parties. The issues were succinctly set out and the pleadings were eliminated from the case by the definitive order. There was a counterclaim by Mrs. Connell upon a note obtained by Errion from Einar Glaser, made to a corporation and transferred by an officer thereof to her. The District Court found on the counterclaim that Errion had obtained the note from Einar Glaser by fraud and that Mrs. Connell had received the same without consideration and with knowledge of the fraudulent practices of Errion and Holdorf, and that she took the note in bad faith. Recovery was thus denied on the counterclaim.

The District Court found as to the claim of the Glasers against Mrs. Connell that the former were mere assignees and not holders in due course of the note and mortgage and that they did not hold legal title to the note and mortgage, which had been procured from Mrs. Connell by fraud. It was also found that the Glasers did not procure a valid endorsement of the payee of the note and knew it was in default in the payment of the interest for the first year. It was found the Glasers "exercised complete indifference and neglect and did not act in good faith at the time they voluntarily purchased said note and mortgage," although they did not have actual knowledge of the fraud practiced upon Mrs. Connell. It was also found that Mrs. Connell was negligent in executing the note and mortgage and delivering these to Errion, but that she had at no time conducted herself by any acts or omissions so as to mis-

1. Securities Exchange Act of 1934, c. 404, 48 Stat. 881, 15 U.S.C.A. §§ 78j, 78aa, 78cc(b).

2. 17 C.F.R. § 240.10B–5.

3. Errion v. Connell, 9 Cir., 236 F.2d 447, 453.

4. Securities Exchange Act, § 29(b).

5. The appellate court noted that Glaser "did not ask the trial court to consider him as an assignee of the note and grant relief accordingly." Glaser v. Connell, 47 Wash.2d 622, 289 P.2d 364, 366.

lead or prejudice the Glasers. The District Court also found that the Glasers made no inquiry or investigation as to the title, taxes or ability of Mrs. Connell to pay the note when due, although the latter was, to the knowledge of the Glasers, living on the real property.

One of the contentions of the Glasers here is that, when one of two innocent parties must suffer a loss, it must be borne by the one whose conduct rendered the injury possible. This is a restatement of an equitable maxim. It is notorious that such maxims are of little help in decision of cases, and generally serve only to adorn the text of opinions. These were in former times generally set out in Latin. A characteristic of such maxims is that their application depended upon the dexterity of the user. The oracles delivered at Delphi were not more cryptic. Besides, there is always the opportunity to cap one maxim by another. Here an apt illustration is "Potior est conditio defendentis." Or there is the maxim relied upon by appellee: "He who seeks equity must do equity—Equity will not aid him who comes with unclean hands."

There is no method of applying these conflicting proverbs. But, if the facts found by the trial court be reviewed, there is little difficulty. Mrs. Connell was found negligent while dealing with a crooked manipulator. Her knowledge and lack of good faith caused the judgment against her on the counterclaim. The negligence and lack of good faith of the Glasers are similarly relevant to prevent recovery on their claim on the note and mortgage. The Glasers knew that Errion was an accomplished confidence man and a fabulous rascal. Errion made all the representations upon which they relied. No estoppel can be present as to Mrs. Connell. She made no representations, false or otherwise, to the Glasers. In fact, she did not know of them until demand for payment of the note was made. The Glasers did not rely upon any representation of Mrs. Connell. They relied upon Errion. The District Court so found. This circumstance alone prevents the establishment of an estoppel.[6]

■ The trial judge did make one finding which on the record this Court holds unsupported by evidence. It was found that Mrs. Connell "did not realize she had executed a mortgage." [7] But this factor is of no consequence in view of the other facts found which have been reviewed above. The finding of bad faith upon the part of the Glasers, the reliance by them upon other transactions with Errion, and not the mortgage to secure repayment of their loan to him and their failure to make any investigation after they knew facts sufficient to charge them with notice defeat recovery. The Glasers wholly failed to prove their position was one which, legally or equitably, should be protected by a court. And the Glasers had the burden.[8]

■■ There is one position taken on this appeal by the Glasers which requires the most careful consideration. It is contended that the final judgment in Glaser v. Connell and the affirmance thereof by the Supreme Court of Washington [9] are not res judicata in this cause. This contention is correct, since the dismissal of that cause was without prejudice. It is further contended that the judgment against Errion and others in the case previously brought by Mrs. Connell in the United States District Court is a final adjudication and that Mrs. Connell is estopped and precluded

---

6. Liska v. Beckmann, 168 Wash. 489, 494, 12 P.2d 599.

7. There was a finding in the previous case in the United States District Court for the Western District of Washington, Northern Division, Docket No. 3556, that "It was not until a considerable time later that plaintiff first learned that a mortgage had been placed upon the real property."

8. "It has long been the rule of this court that the doctrine of estoppel in pais should not be too readily extended when the effect of it is to divest men of their estates in lands. * * * we have required very clear and cogent evidence to estop an owner out of a legal title to real property." Finley v. Finley, 43 Wash. 2d 755, 765, 264 P.2d 246, 252, 42 A. L.R.2d 1379.

9. 47 Wash.2d 622, 289 P.2d 364.

from contending that said note and mortgage are not valid obligations owing to the Glasers. The theory is that to permit Mrs. Connell to prevail in the instant case would be tantamount to an award to her of double indemnity.

This proposition was not presented to the trial court as res judicata, but has been so presented here. The Glasers were not parties to this judgment. The suit was bottomed on the Securities Exchange Act and a recovery could have been given against the Glasers under that Act only if they had been parties to or had actual knowledge of fraud. The Glasers were dismissed from that case. As to them, this is an adjudication which cleared them of fraud or knowledge of fraud in the transaction. The findings in this case give the Glasers full benefit of this judgment in that respect.

There could be no collateral estoppel of Mrs. Connell by the fact that a judgment was entered against the other parties. Only if the judgment had been paid could that question have arisen. There can be many actions against different parties upon the facts of single transactions. But only one recovery is ordinarily available. Here there has been no recovery and no payment or satisfaction of the demand. This main point of appellants is not well taken.[10]

This Court will consider some further arguments which are implied rather than presented. The note was cancelled so far as Holdorf Oyster Corporation was concerned. This appellants treat as if there were an adjudication of validity so far as all other persons were concerned. This is a plain non sequitur. If it were so adjudged valid, appellants were not then parties and cannot be affected thereby.

There is another phase of res judicata which might be considered. It is con-

tended that the judgment of dismissal of the Glasers not only concluded all matters in issue in the cause, but other issues which might have been but were not presented. The argument runs that, although the cause of action under the Securities Exchange Act required participation or actual knowledge of fraud before cancellation could have been granted therein strictly on that cause of action, the District Court, having acquired jurisdiction, had authority to cancel these instruments in the hands of the Glasers on the grounds upon which the trial court acted in giving judgment in this case. However, it is provided in said Act, 15 U.S.C.A. § 78bb, as follows:

> "(a) The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity; but no person permitted to maintain a suit for damages under the provisions of this chapter shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of * * *."

This section makes it clear that other actions must be brought and that the relief is not to be afforded in connection with the statutory action. In fact, the Glasers commenced the action in the state of Washington for foreclosure of this note and mortgage at about the same time that Mrs. Connell commenced the action under the Act. At the time of the dismissal of the federal court action as to the Glasers, there was pending in a court of competent jurisdiction an action whereby the matters could have been fully adjudicated. The federal court could well have taken this into consideration in that dismissal.

The judgment is affirmed.

---

10. "The American Mortgage Company, by reason of its fraudulent conduct, and the appellant, by reason of its negligence, were each liable to the appellee, and he had a right to pursue his remedy against either party, and there was no incon-sistency in the action taken. True, there could be but one satisfaction, but it is not suggested by appellant that appellee's claim has been satisfied * * *." Title Guarantee & Trust Co. v. McIlwain, 9 Cir., 73 F.2d 754, 757.